UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS SZCZESNY,**

Plaintiff,

v.

**CITY OF TROY**, a municipal corporation,

**EVAN LEITHAUSER**, in his personal and professional capacities,

**SCOTT ALLAN** in his personal and professional capacities,

**ALEJANDRO PARRA**, in his personal and professional capacities,

**GAIL PARRA**, in her personal and professional capacities,

and

**BRIAN WARZECHA**, in his personal and professional capacities,

Defendants.
_____________________________________/

Case No:
Hon.
Mag. Judge

**Law Offices of Jason A. Waechter**
**AARON R. MARTINEZ (P86228)**
**JASON A. WAECHTER (P47651)**
Attorneys for Plaintiffs
19080 W. Ten Mile Road
Southfield, MI 48075
(248) 355-4701 / Fax: 248-281-0006
aaron@877powerlaw.com; jason@877powerlaw.com
Paralegal Cris Vivian: cris@877powerlaw.com
_____________________________________/

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **THOMAS SZCZESNY,** by and through his attorneys, Law Offices of Jason A. Waechter, for his Complaint and Demand for Jury Trial, states as follows:

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



## INTRODUCTION

1. This is a civil rights action seeking damages against the City of Troy and two of its police officers for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and the laws of the United States and the state of Michigan.
2. This action arises out of a crash involving a police vehicle and a motorcycle where Plaintiff was struck and seriously injured by Defendant Leithauser, who proceeded through a dark intersection at high speed without activating his emergency lights or siren.
3. Following the crash, and without probable cause, various Troy Police Officers accused Plaintiff of Operating While Intoxicated (OWI) to deflect blame from Defendant Leithauser, resulting in criminal charges that were later dismissed.
4. Plaintiff now brings claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, and under Michigan law, as more fully set forth herein.

## JURISDICTION AND VENUE

5. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.
6. This cause of action arose in the County of Oakland, State of Michigan.
7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1983 as this action involves a federal question and arises under the Constitution and laws of the United States.
8. Supplemental jurisdiction over state law claims is conferred by 28 U.S.C. § 1367.
9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in the Eastern District of Michigan.

## PARTIES

10. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.
11. Plaintiff Thomas Szczesny is a resident of City of Madison Heights, Oakland County, Michigan, and a resident of the Eastern District of Michigan.
12. Defendant City of Troy is a home-rule city and municipal corporation organized under the



laws of the State of Michigan and situated within the Eastern District of Michigan.

13. Defendant City of Troy operates the Troy Police Department.

14. Defendant Evan Leithauser, upon information and belief, is a resident of the city of Rochester Hills, Oakland County, State of Michigan, within the Eastern District of Michigan.

15. Defendant Evan Leithauser was, at all relevant times, a police officer employed by the City of Troy and acting under color of state law.

16. Defendant Scott Allan, upon information and belief, is a resident of city of Troy Oakland County, State of Michigan, within the Eastern District of Michigan.

17. Defendant Scott Allan was, at all relevant times, a police officer employed by the City of Troy acting under color of state law.

18. Defendant Alejandro (Alex) Parra, upon information and belief is a resident of Macomb County, State of Michigan, within the Eastern District of Michigan.

19. Defendant Alejandro (Alex) Parra was, at all relevant times, a police officer employed by the City of Troy acting under color of state law.

20. Defendant Gail Parra, upon information and belief, is a resident of Macomb County, State of Michigan, within the Eastern District of Michigan.

21. Defendant Gail Parra was, at all relevant times, a police officer employed by the City of Troy acting under color of state law.

22. Defendant Brian Warzecha, upon information and belief, is a resident of Oakland County, State of Michigan, within the Eastern District of Michigan.

23. Defendant Brian Warzecha was, at all relevant times, a police officer employed by the City of Troy acting under color of state law.

24. Defendants Evan Leithauser, Scott Allan, Alejandro Parra, Gail Parra, and Brian Warzecha (collectively "Defendant Officers") were, at all relevant times, acting within the scope of their employment with Defendant City of Troy and the Troy Police Department.

Law Offices of Jason A. Waechter
19080 W. Ten Mile Road, Southfield, MI 48075
Telephone 248.355.4701 • Facsimile 248.281.0006





25. At all times material to this Complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan.

**GENERAL ALLEGATIONS**

26. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

**The High-Speed Crash**

27. On September 22, 2023, Plaintiff Thomas Szczesny was lawfully operating his motorcycle on eastbound Maple Road near Stephenson Highway within the City of Troy, Oakland County, State of Michigan.

28. At approximately 8:30PM on the aforementioned date, Defendant Officer Evan Leithauser, responded to assist a minor personal injury traffic call.

29. At approximately 8:30PM on the aforementioned date, another Troy Police officer had already arrived on scene of the minor personal injury traffic call.

30. The minor personal injury traffic call was non-emergent.

31. The traffic call Leithauser was responding to did not require an emergency response by Defendant Leithauser.

32. The posted speed limit on Maple Road was 40 mph.

33. At the aforementioned place and time, Defendant Leithauser drove westbound on Maple Road at excessive speeds over 63 mph.

34. Defendant Leithauser was not using his overhead emergency lights when travelling above the speed limit.

35. Defendant Leithauser failed to activate his vehicle's emergency lights or sirens as he proceeded westbound at high speeds on Maple Road.

36. Troy Police Department policy requires use of emergency lights and/or sirens when traveling at speeds exceeding the speed limit.

37. MCOLES standards requires use of emergency lights and/or sirens when traveling at

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



speeds exceeding the speed limit.

38. As Plaintiff lawfully attempted to turn left into a gas station entrance, Defendant Leithauser collided with Plaintiff's motorcycle at a high rate of speed.

39. The aforementioned subject collision caused Plaintiff to be ejected from his motorcycle.

40. The aforementioned subject collision inflicted serious permanent injuries.

41. Defendant Leithauser's patrol vehicle traveled approximately 200 feet before coming to rest in the grassy area in the Health Alliance Plan (HAP) parking lot.

42. Defendant Leithauser failed to reduce his speed and provide sufficient warning to Mr. Szczesny of his oncoming vehicle.

43. The area in which Defendant Leithauser was speeding was noted by investigators as being dimly lit.

44. The area in which Defendant Leithauser was speeding was dimly lit.

45. Defendant Leithauser failed to travel with due speed and caution so as to allow him to perform any evasive maneuvers required by his speed to avoid impacting Mr. Szczesny.

46. Witness Dheeraj Chanda told Troy Police Department investigators in a written statement that Defendant Leithauser's vehicle was traveling "very very very fast."

47. At the scene, Defendant Leithauser told Sergeant Bowers that he attempted to swerve and avoid Mr. Szczesny's motorcycle.

48. Defendant Leithauser never attempted any evasive maneuver prior to striking Mr. Szczesny's motorcycle.

49. Defendant Leithauser told Mr. Szczesny that his patrol vehicle was traveling at "regular cruising speed limit, I wasn't over the speed limit."

50. When questioned at the scene about his speed by Sgt. Bowers, Defendant Leithauser said he was traveling "a little bit over 40" miles per hour.

51. When questioned at the scene about his speed by Sgt. Bowers, Defendant Leithauser said

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



that he struck Mr. Szczesny "under 40 for sure…somewhere around there 40, 35."

52. Defendant Leithauser's aforementioned statement to Sgt. Bowers was not accurate or truthful.

53. The following day, Defendant Warzecha took over leading the investigation on behalf of the Troy Police Department.

54. Defendant Warzecha continued leading the investigation until January 5, 2024, when the decision was made by the Troy City Attorney to have the Auburn Hills Police Department continue the investigation.

55. At all times prior to January 5, 2024, the Troy Police Department was the lead agency investigating the crash involving Defendant Leithauser.

56. Defendant Warzecha provided all materials obtained by the Troy Police Department to Sgt. Bryan Eftink of the Auburn Hills Police Department on January 9, 2024.

**The Search Warrant**

57. Mr. Szczesny was transported to Corewell Hospital Royal Oak (formerly Beaumont Royal Oak) with significant injuries.

58. En route to, and while at the hospital, Mr. Szczesny was administered several medications by medical professionals for pain relief and comfort, including hydromorphone and fentanyl.

59. After these medications were administered, Troy Police Department officers determined that they wanted to obtain an evidential blood draw for processing by the Michigan State Police Forensic Science Division.

60. Despite a Troy Police Officer being involved in the subject collision on September 22, 2023, Troy Police continued to investigate the crash the next day on September 23, 2023, including acting under color of law pursuant to a search warrant.

61. On September 22, 2023, Troy Police Officer Scott Allan completed an Affidavit for Search Warrant, which he swore-to before the 52-4 District Court Magistrate.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



62. The affidavit for the search warrant was not based upon personal knowledge held by Defendant Allan.

63. The affidavit for the search warrant was based solely upon hearsay and secondhand information obtained by Troy Police Officers Defendants Alejandro (Alex) Parra and Gail Parra.

64. Upon information and belief, Defendants Alex Parra and Gail Parra are husband and wife.

65. Upon information and belief, Defendants Alex Parra interviewed Plaintiff's girlfriend at the scene.

66. Defendant Alex Parra believed her to have been drinking.

67. Defendant Alex Para used his observations of *Plaintiff's girlfriend* only to try and obtain probable cause that *Plaintiff* was under the influence.

68. Upon information and belief, Defendant Alex Parra told Defendant Gail Parra of his belief.

69. Upon information and belief, Defendant Gail Parra assisted Defendant Allan in completing an affidavit for search warrant for Plaintiff's blood.

70. Upon information and belief, Defendant Gail Parra drafted the content of the search warrant affidavit to be sworn-to by Defendant Allan.

71. Upon information and belief, Defendant Gail Parra influenced the content of the search warrant affidavit to be sworn-to by Defendant Allan.

72. Upon information and belief, Plaintiff was accompanied to the hospital from the scene by Troy Police Sgt. Benjamin Hancock, not Officers Parra or Officer Allen.

73. Sgt. Hancock had no role in the preparation of the affidavit for search warrant.

74. Sgt. Hancock had no role in the swearing-to of the affidavit for search warrant.

75. The affidavit for the search warrant omitted the necessary context that the crash was caused by Defendant Leithauser speeding above the speed limit without a lawful basis.

76. The affidavit for the search warrant indicates that Defendant Allan believed Mr. Szczesny

was operating under the influence based upon personal observation of "physical observations of the suspect".

77. The affidavit for the search warrant omits further elaboration as to what physical observations were made by Defendant Allan.

78. Defendant Allan never had any personal contact with Plaintiff Thomas Szczesny prior to completing the affidavit for search warrant.

79. Any contact that Defendant Allan may have had with Plaintiff was incidental and not sufficient to obtain any objective signs of impairment.

80. The affidavit for the search warrant omits that Defendant Allan did not have any personal contact with Plaintiff Thomas Szczesny prior to completing the affidavit for search warrant.

81. Defendant Allan never communicated with Mr. Szczesny's girlfriend prior to completing the affidavit for search warrant.

82. Defendant Allan's knowledge of the situation is limited only to the body camera footage he reviewed of another officer's interaction.

83. The affidavit for the search warrant omits that Defendant Leithauser's vehicle was traveling at such a high speed that it came to rest on the grass on the opposite side of the roadway.

84. The affidavit for the search warrant omits that Mr. Szczesny was traveling at a slow pace at the time he was struck by Defendant Leithauser.

85. Defendant Allan's factual omissions from the affidavit constitute a reckless disregard for the truth.

86. The affidavit for the search warrant lacked probable cause.

87. The blood vials obtained under the authority of the issued search warrant pursuant to Defendant Allan's affidavit did not yield any indication of alcohol when analyzed on October 16, 2023.

**The EDR Data**

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



88. Defendant Warzecha ordered a download of Defendant Leithauser's electronic data recorder (EDR) data from his patrol vehicle.

89. The EDR data was obtained on September 25, 2025.

90. The EDR data and surveillance video confirmed that Defendant Leithauser was traveling over 63 mph without engaging his vehicle's overhead lights or sirens.

91. The EDR data reflected that Defendant Leithauser was not using his cruise control functions in the 5 seconds before impact with Mr. Szczesny.

92. Defendant Leithauser continued to press his patrol vehicle's accelerator petal until 0.7 seconds before impacting Mr. Szczesny's motorcycle.

93. The EDR data reflects that Defendant Leithauser did not have cruise control engaged in the moments leading up to the crash.

94. The EDR data from Defendant Leithauser's vehicle reflects that he did not make any effort to brake until approximately 0.6 seconds before impacting Mr. Szczesny's motorcycle.

95. Defendant Leithauser's was driving while distracted.

**The UD-10 Crash Report**

96. On September 26, 2023, after conducting its own partial investigation into the matter for four days, the Troy Police Department requested that the Auburn Hills Police Department take over preparation of the UD-10 traffic crash report.

97. In the course of investigating this matter, Auburn Hills Police Sgt. Bryan Eftink completed a UD-10 Traffic Crash Report summarizing his opinions and conclusions regarding the crash.

98. Sgt. Eftink completed the UD-10 report after October 16, 2023.

99. Sgt. Eftink claimed in the UD-10 report that Defendant Leithauser committed no hazardous actions which contributed to the crash.

100. Sgt. Eftink also claimed in the report that Defendant Leithauser was traveling to an emergency situation.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



101. Neither of these conclusions by Sgt. Eftink were truthful or accurate.

102. At the time the conclusions were made by Sgt. Eftink in the UD-10 report, he knew or had reason to know that the conclusions were not based in fact.

103. At the time the conclusions were made by Sgt. Eftink in the UD-10 report, he knew or had reason to know that Defendant Leithauser had been traveling 63 mph in a 40 mph zone

**The Criminal Prosecution**

104. At all relevant times, Michigan law required criminal convictions for Operating While Intoxicated to be supported by evidence showing beyond a reasonable doubt that a person was under the influence.

105. Under Michigan law, the phrase “under the influence” affirmatively “contemplates something more than having any amount” of a substance in one’s system, and “requires some effect” on the person. *People v Koon*, 494 Mich 1, 6-7 (2013).

106. MCL 257.625(1)(a) provides that a person is “operating while intoxicated” if he or she is “under the influence of ... a controlled substance ...”

107. As interpreted by Michigan courts, a person is considered to be “under the influence” only if the substance “substantially and materially impairs the ability to drive so that the person drives with less care than an ordinary, prudent driver.” *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975).

108. Mere presence of a non-Schedule I drug in blood is not enough to prove an individual is “under the influence” under Michigan law. See *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010).

109. At all relevant times, Plaintiff was neither under the influence nor otherwise intoxicated or impaired by any substance.

110. At all relevant times, the Troy Police Department failed to obtain any evidence which showed anything other than the mere presence of a non-Schedule I drug in Plaintiff’s

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



blood.

111. At no point in time did the investigation yield sufficient evidence to meet the criminal burden of proof of guilt beyond a reasonable doubt under *Koon, Feezel,* and *Lambert*.

112. On January 5, 2024, Troy Police Department leadership determined that Auburn Hills Police Department should continue the investigation.

113. Defendant City of Troy provided the City of Auburn Hills Police Department with the toxicology results reflecting no alcohol in Plaintiff's system.

114. On December 4, 2024, the Oakland County Prosecutor's Office filed a Petition to Nolle Prosequi to dismiss the OWI charge against Plaintiff in the "interest of justice."

115. On December 5, 2024, the criminal case against Mr. Szczesny was dismissed upon order of Judge Kirsten Nielsen Hartig of the 52-4 District Court.

116. The criminal case was resolved in Mr. Szczesny's favor.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



**The Missing Videos**

117. On the date of the subject crash, Defendant Leithauser was equipped with a body camera.

118. On the date of the subject crash, Defendant Leithauser's patrol vehicle was equipped with a mobile video recorder (MVR), commonly known as a dashboard camera or "dash cam."

119. Upon information and belief, Defendant Leithauser and his vehicle were equipped with cameras and a camera system which are designed to begin recording upon being "triggered" or otherwise initiated by an event such as turning on overhead lights/sirens, or being involved in a collision.

120. Upon information and belief, no video of the subject crash from Defendant Leithauser's body camera or dashboard camera was retained by the City of Troy.

121. Upon information and belief, out of all the officers who responded to the subject accident scene, only Defendant Leithauser did not have any camera footage preserved.

122. The Troy Police Department failed to preserve the video from Defendant Leithauser's body

and vehicle cameras.

123. The missing camera video would have shown some of the clearest footage of Defendant Leithauser's disregard for traffic safety and law enforcement protocols.

**Mr. Szczesny's Catastrophic Injuries**

124. The aforementioned crash and events that followed have caused serious physical, mental, and emotional injuries to Plaintiff.

125. Plaintiff's medical care and treatment is ongoing at this time.

126. Plaintiff **THOMAS SZCZESNY** has suffered, will continue to suffer injuries and damages for an indefinite time into the future, physical injury, emotional distress, legal expenses, and reputational harm, including but not limited to the following**:**

a. Permanent paraplegia of the left lower extremity;

b. Pelvic fractures;

c. Bladder perforation;

d. Right femur fracture;

e. Right tibia fracture;

f. Right fibula fracture;

g. Fracture of the right foot at the third metatarsal neck;

h. Spinal fractures L2-S1;

i. Fractures involving the right sacral wing and lower right lumbar vertebra transverse processes;

j. Left-sided rib factures;

k. Right Leg Impairment;

l. Required use of neurogenic bowel and bladder;

m. Permanent nerve damage;

n. The following surgical procedures:

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



i. ORIF pelvis, femur, tibia/fibula, with hardware insertion; bladder repair (9/24/2023);
ii. L2-L5 spinal fusion (9/25/2023);
iii. Hardware removal in right leg (September 2024)

o. Ongoing chronic pain and suffering;

p. Emotional trauma, depression, and loss of dignity;

q. other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement;

r. pain, suffering, mental anguish, humiliation, and embarrassment, and the loss of the natural enjoyments of life;

s. allowable expenses consisting of reasonable charges incurred for reasonably necessary products, services, and accommodations for Plaintiff's care, recovery, or rehabilitation not covered or paid for by a no-fault carrier, including medical bills and expenses and cost of future medical care, treatment, and services;

t. wage loss or actual future loss of earnings to the extent that such losses are recoverable under MCL 500.3135, or other laws of the state of Michigan or the United States; and

u. other damages, injuries, and consequences that are found to be related to the automobile crash that develop or become known during the course of discovery, to the extent that the damages are recoverable under the Michigan No-Fault Insurance Act, or other laws of the state of Michigan or the United States.

127. As a result of the injuries sustained in the crash, Plaintiff has been diagnosed with paraplegia secondary to spinal trauma and vertebral fractures from L2 to S1.

128. These injuries have resulted in permanent neurological deficits, including flaccid paralysis of the left lower extremity, significantly diminished function of the right lower extremity, and neurogenic bowel and bladder requiring lifelong catheter and bowel regimen management.

129. Plaintiff's mobility is severely restricted.

130. Plaintiff is non-weight bearing on the left and remains at high fall risk.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



131. Plaintiff requires use of a wheelchair for all ambulation and transfers, with maximum or partial assistance required for activities such as toileting, tub and shower transfers, dressing, and bed mobility.

132. Although Plaintiff is able to briefly stand with assistance, he is unable to ambulate independently and is not expected to regain meaningful motor function in the left leg.

133. Plaintiff's spinal injuries also include an unstable pelvis and right sacral fractures.

134. As of June 2025, imaging confirmed that pelvic separation remains present, with bladder displacement into the anterior opening.

135. Although additional orthopedic and urological surgeries have been discussed, they remain deferred pending worsening of symptoms.

136. Plaintiff remains at risk for future surgical interventions and complications due to the instability and the involvement of multiple organ systems.

137. Plaintiff continues to require 16 hours per day of in-home attendant care and assistance with all aspects of daily life, including transfers, ambulation, hygiene, pain control, medication management, and transportation.

138. Plaintiff has also required extensive durable medical equipment, including a hospital bed, wheelchair, rolling walker, hip kit, slide board, and bedside commode.

139. Psychologically, Plaintiff has experienced depression and loss of dignity due to his sudden and permanent loss of independence.

140. Plaintiff remains unable to return to work, drive a car, or participate in the physical, social, and recreational activities that previously defined his life.

141. Plaintiff requires ongoing mental health treatment, which has been coordinated by his medical team and is documented in his current care plan.

142. Plaintiff's prognosis for neurological recovery remains poor.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



143. While he has made progress with therapy and is motivated to improve, treating providers have advised that Plaintiff's condition is permanent, and he will continue to require long-term physical, emotional, and medical support.

144. Plaintiff's life expectancy, independence, and ability to support himself have all been profoundly negatively affected.

**COUNT I – Unlawful Seizure and Excessive Force – 42 U.S.C. § 1983 (Fourth Amendment)**
**(As to Defendant City of Troy and Defendant Leithauser)**

145. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

146. Defendant Leithauser, acting under color of law, seized Plaintiff by striking him with a police vehicle in a non-emergency situation, while driving at an unlawful speed without activating emergency signals.

147. This seizure was unreasonable under the Fourth Amendment.

148. This seizure caused catastrophic injury to Plaintiff.

149. The circumstances did not justify such force by Defendant Leithauser.

150. Defendant Leithauser's conduct was reckless.

151. Defendant Leithauser's conduct demonstrated a substantial lack of concern for whether injury would result.

152. The collision constitutes an unlawful detention and unlawful use of force.

153. Plaintiff suffered the aforementioned severe injury, loss, and harm as a direct and proximate result.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. §1988.

**COUNT II — Unlawful Search Warrant – 42 U.S.C. § 1983 (Fourth Amendment)**
**(As to Defendant City of Troy and Defendant Allan)**

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



154. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

155. Defendant Allan prepared and submitted an affidavit for a search warrant without personal knowledge.

156. Defendant Allan was trained in proper affidavit procedures and standards.

157. Defendant Allan lacked probable cause in requesting a warrant for Plaintiff's blood.

158. Defendant Allan was searching for corroboration that might provide probable cause to arrest Plaintiff.

159. The search warrant was executed after medication was administered to Mr. Szczesny.

160. The affidavit contained material omissions and misleading statements in reckless disregard of the truth, including omitting:

    a. The excessive speed of Defendant Leithauser;

    b. The non-emergency nature of the call Office Leithauser was traveling to;

    c. The lack of personal contact by Defendant Allan with Plaintiff or his girlfriend;

    d. The lack of personal knowledge of any indicia of impairment of Plaintiff;

    e. Emergency medications administered to Plaintiff; and

    f. Such other statements or omissions known by Defendants, or which may become known during the course of discovery in this matter.

161. Defendant Allan falsely claimed personal observations of Plaintiff when none existed.

162. The warrant lacked probable cause.

163. Defendants could not, in good faith, rely upon the warrant in this case because the warrant application was so lacking in indicia of probable cause as to render official belief in its existence unreasonable.

164. Reasonable officers should have known these rights, and therefore, Defendants are not cloaked with immunity.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



165. The warrant compelled a nonconsensual physical intrusion into Mr. Szczesny's skin and into his veins.

166. The invasion of Mr. Szczesny's bodily integrity without probable cause violates the Fourth Amendment.

167. As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, humiliation, and other damages as outlined herein.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. §1988.

**COUNT III — Failure to Train – 42 U.S.C. § 1983 (*Monell*)**
**(As to Defendant City of Troy)**

168. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

169. Defendant City of Troy failed to adequately train its officers in:

    a. Emergency vehicle operation and use of lights/sirens;

    b. Probable cause standards for OWI arrest and search warrants;

    c. Use and preservation of body/dash camera footage; and

    d. Any other such instances or topics know to Defendants or which may become known by the parties through discovery in this matter.

170. The training failures and deficiencies were so inadequate as to amount to deliberate indifference to constitutional rights.

171. This failure reflects deliberate indifference to citizens' constitutional rights.

172. This failure to train enabled Defendant Leithauser's negligence.

173. This failure was a direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants,

jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. §1988.

**COUNT IV — Failure to Supervise – 42 U.S.C. § 1983 (*Monell*)**
**(As to Defendant City of Troy)**

174. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

175. Defendant City of Troy failed to supervise Defendant Officers in the performance of their duties and responsibilities.

176. The failure allowed policy violations and reckless conduct without accountability.

177. The lack of oversight enabled the fabrication of false narratives and abuse of authority.

178. This failure to supervise enabled Defendant Leithauser's negligence.

179. City of Troy failed to take corrective or remedial actions after Defendant Leithauser was involved in a separate crash just a few months prior to the subject crash.

180. This failure to supervise enabled Defendant Allan to make material omissions from the search warrant affidavit in reckless disregard for the truth.

181. Defendant City of Troy failed to discipline Defendant Leithauser for his involvement in the subject crash.

182. Defendant City of Troy lacked sufficient internal policies for disciplining officers involved in high-speed crashes without use of lights and sirens.

183. Defendant City of Troy lacked sufficient internal policies for handling investigations of its own officers.

184. Defendant City of Troy lacked sufficient internal policies for supervising or disciplining officers involved submitting affidavits for search warrants without probable cause.

185. These collective failures reflect deliberate indifference to Plaintiff's constitutional rights.

186. These collective failures were a direct and proximate cause of Plaintiff's injuries.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. §1988.

**COUNT V — Malicious Prosecution – 42 U.S.C. § 1983 (*Monell*)**
**(As to All Defendants)**

187. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.
188. Defendant City of Troy conducted an investigation alleging that Plaintiff was Operating While Intoxicated in violation of MCL 257.625.
189. Despite its own officer being involved in the crash with Plaintiff, Defendant City of Troy conducted an investigation.
190. Defendants failed to acquire any objective evidence of Plaintiff's intoxication.
191. The evidential blood test results failed to demonstrate impairment.
192. The evidential blood test administered to Plaintiff was without probable cause.
193. Troy Police Department attempted to collect evidence to aid and influence a prosecution against Plaintiff stemming from the officer-involved crash.
194. The criminal charge against Plaintiff was dismissed in Plaintiff's favor.
195. Defendants acted with malice and reckless disregard for the truth.
196. Defendants made, influenced, or participated in the decision to prosecute Plaintiff without probable cause in violation of Plaintiff's Fourth Amendment rights.
197. Plaintiff was subjected to humiliation, fear, criminal charges, and pain and suffering by the illegal acts of Defendants.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006

attorney fees under 42 U.S.C. §1988.

**COUNT VI — Violation of Substantive Due Process – State-Created Danger**
**42 U.S.C. § 1983 (Fourteenth Amendment)**
**(As to Defendant City of Troy and Defendant Leithauser)**

198. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

199. Under the Fourteenth Amendment, individuals have a constitutional right to bodily integrity and to be free from state-created dangers.

200. Defendant Leithauser, acting under color of law, affirmatively created or increased a known and foreseeable risk of harm to Plaintiff by:

    a. Operating his patrol vehicle over 63 mph in a 40 mph zone through a dimly lit intersection;

    b. Failing to activate emergency lights or sirens despite policy and MCOLES standards requiring such warning devices;

    c. Failing to brake until less than one second before colliding with Plaintiff;

    d. Failing to take any evasive action to avoid the collision with Plaintiff;

    e. Providing false and misleading statements to Troy Police investigators to obscure the extent of his conduct and negligence; and

    f. Other such conduct that becomes known during the course of discovery in this matter.

201. These affirmative acts placed Plaintiff in a more dangerous position than he otherwise would have been and exposed him to grave risk of physical harm.

202. The danger to Plaintiff was foreseeable and resulted directly from the actions of Defendant Leithauser.

203. Defendant Leithauser's conduct demonstrated an intentional indifference to public safety.

204. Defendant's conduct demonstrated an intentional indifference to the safety of Plaintiff.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



205. Defendant Leithauser's conduct was so egregious and arbitrary as to shock the conscience, in violation of Plaintiff's substantive due process rights under the Fourteenth Amendment.

206. As a direct and proximate result, Plaintiff sustained the aforementioned catastrophic injuries and constitutional violations, including but not limited to permanent paraplegia, orthopedic trauma, and emotional distress.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 U.S.C. §1988.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



**COUNT VII — Malicious Prosecution – State Law**
**(As to All Defendants)**

207. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

208. Defendants pursued criminal prosecution against Plaintiff knowing the allegations were inconsistent with obtained facts, were without corroboration, and had been tainted by improper means.

209. Defendants brought the prosecution against Plaintiff with malice.

210. Defendants brought the prosecution against Plaintiff for vexation and trouble.

211. Defendants influenced and participated in the prosecution against Plaintiff to minimize professional harm to Defendant Leithauser.

212. As a result of the acts of Defendants, Plaintiff has suffered embarrassment and impairment of his reputation.

213. As a result of the acts of Defendants, Plaintiff was deprived of his liberty.

214. Plaintiff is entitled to treble damages pursuant to MCL 600.2907 for his injuries.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment against

Defendants, jointly and severally, in whatever amount to which he is entitled, together with the costs of this action.

**COUNT VIII – Negligence – State Law (Common Law and MCL 500.3135)**
**(As to Defendant City of Troy and Defendant Leithauser)**

215. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

216. At all material times herein, Defendant Leithauser owed a duty to Plaintiff to safely operate his patrol vehicle in a manner consistent with his training, and/or otherwise in adherence to the Motor Vehicle Code, MCL 257.1, et seq.

217. At all material times herein, Defendant Leithauser owed a duty of reasonable care while operating his patrol vehicle.

218. Contrary to the duties owed to Plaintiff, Defendant Leithauser, was negligent in several respects, including but not limited to the following:

(a) Failing to abide by proper standards of care while operating an emergency vehicle in violation of MCL 257.632;

(b) Failing to give due regard for traffic rules, signals, and safety in the absence of any use of emergency lights and sirens, in violation of MCL 257.603;

(c) Failing to operate the motor vehicle on the roadway at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other conditions, then existing, and/or in a manner in a manner and at a rate of speed that would permit the vehicle to be stopped within the assured, clear distance ahead, in violation of MCL 257.627;

(d) Operating a vehicle without regard for the right of way owed to Plaintiff, in violation of MCL 257.650;

(e) Operating a vehicle upon a highway in willful or wanton disregard for the safety of persons or property, in violation of MCL 257.626;

(f) Failing to exercise reasonable and ordinary care to keep careful and proper lookout so as to avoid striking other vehicles on the roadway;

(g) Failing to keep a motor vehicle constantly under control;

(h) Failing to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



(i) Operating a motor vehicle in a careless or negligent manner likely to endanger any person or property, in violation of MCL 257.626b;

(j) Holding or using a non-emergency or personal mobile electronic device while operating a motor vehicle, in violation of MCL 257.602b;

(k) Failing to act in accordance with the moral character requirements of a law enforcement officer pursuant to MCL 28.609 and 42 U.S.C. 1983;

(l) failing to exercise reasonable and ordinary care to keep lookout so as to avoid striking Decedent's vehicle; and

(m) Any other violations of State Statute, City Ordinance or applicable law.

219. Defendant Leithauser further violated the following standards imposed by the Michigan Commission on Law Enforcement Standards (MCOLES):

a. Failure to adhere to the standard of conduct expected of a law enforcement officer, in violation of Section 3.6.03(2) of the MCOLES Standards;

b. Failure to observe the law enforcement code of ethics by engaging in conduct that compromises the officer's ability to perform as a law enforcement officer or that diminishes public trust, in violation of Section 3.6.03(5) of the MCOLES Standards;

c. Failure to comply with MCOLES Manual and Emergency Vehicle Operation, and Vehicle Use Policy; and

d. All other violations of MCOLES Standards, department policy, law enforcement best practices, and applicable law therein as may be discovered during the pendency of this case.

220. Defendant Leithauser's aforementioned acts and omissions constitute negligence.

221. As a direct and proximate result of the aforementioned conduct by Defendant Leithauser, Plaintiff was catastrophically injured.

222. As a direct and proximate result of the aforementioned conduct by Defendants, Plaintiff sustained a permanent serious impairment of bodily functions.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006





223. Defendant Leithauser was working in the scope of his employment at the time of the subject crash.

224. Defendant City of Troy is further vicariously liable for the negligent and tortious conduct of Defendant Leithauser in the scope of his employment.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with the costs of this action.

**<u>COUNT IX — Gross Negligence (State Law)</u>**
**(As to Defendant City of Troy and Defendant Leithauser)**

225. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

226. Defendant Leithauser's conduct demonstrates a substantial lack of concern for whether injury would result, including:

   a. Driving 63mph in a 40mph zone;

   b. Failing to activate emergency lights or sirens;

   c. Failing to brake until 0.6 seconds before impact;

   d. Failing to take evasive maneuvers to avoid collision with Plaintiff; and

   e. Such other conduct as may be learned through discovery in this matter.

227. Defendant Leithauser's conduct constitutes gross negligence under MCL 691.1407 for which governmental immunity is not available.

228. Defendant Leithauser's grossly negligent conduct was the proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with the costs of this

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



action.

**Count X – Negligent Entrustment and Owner's Liability Pursuant to State Law (MCL 257.401, et seq) (As to Defendant City of Troy)**

229. Plaintiff adopts and incorporates all preceding paragraphs as if fully set forth herein.

230. On the aforementioned date and time, Defendant City of Troy was the registered owner of the vehicle operated by Defendant Leithauser involved in the subject incident herein.

231. That on the aforementioned date and time, the Defendant City of Troy knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant Leithauser.

232. Defendant City of Troy did not take any action against Defendant Leithauser's privilege to operate a patrol vehicle despite being involved in another motor vehicle crash in the months before the subject crash here.

233. That on the aforementioned date and time, the Defendant City of Troy knew or should have known that said Defendant Leithauser would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City where the incident occurred, in direct disregard for the safety of the Plaintiff.

234. That on the aforementioned date and time, the Defendant City of Troy negligently entrusted its vehicle to Defendant Leithauser.

235. The Defendant City of Troy failed to observe the pertinent provisions of the Michigan Owners Liability Statute, MCL 257.401 et seq.

236. That on the aforementioned date and time, Defendant Leithauser was acting with the express and/or implied consent of Defendant City of Troy.

237. That as a direct and proximate result of the acts and/or omissions constituting negligence by Defendant Leithauser, with the express and/or implied consent of Defendant City of

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



Troy as hereinbefore set forth, described and alleged, Plaintiff suffered the aforementioned damages and injuries.

238. That Defendant City of Troy is liable for Plaintiff's aforementioned injuries and damages as the owner of the vehicle operated by Defendant Leithauser pursuant to MCL 257.401, et seq.

WHEREFORE, Plaintiff requests this Honorable Court enter Judgment against Defendant in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with the costs of this action.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests this Honorable Court to enter a total judgment in the amount of fifty million dollars ($50,000,000.00) against the Defendants, jointly and severally, as stated and provided for herein.

**PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a Trial by Jury as to all triable issues in the above-entitled cause of action, pursuant to the 7th Amendment to the United States Constitution and 42 U.S.C. § 1983.

LAW OFFICES OF JASON A. WAECHTER
19080 W. TEN MILE ROAD, SOUTHFIELD, MI 48075
TELEPHONE 248.355.4701 • FACSIMILE 248.281.0006



Respectfully submitted,
**LAW OFFICES OF JASON A. WAECHTER**

*/s/ Aaron R. Martinez*
AARON R. MARTINEZ (P86228)
JASON A. WAECHTER (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd, 2nd Fl
Southfield, MI 48075
(248) 355-4701

Dated: September 5, 2025