UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

               Plaintiff,

-vs-

CITY OF TROY, a municipal corporation;
EVAN LEITHAUSER, in his personal and
professional capacities; SCOTT ALLAN, in
his personal and professional capacities;
ALEJANDRO PARRA, in his personal and
professional capacities; GAIL PARRA, in
her personal and professional capacities; and
BRIAN WARZECHA, in his personal and
professional capacities,

               Defendants.

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

_____ /

LAW OFFICES OF JASON A.
WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI  48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI  48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler  (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____ /

## AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, **EVAN LEITHAUSER, SCOTT ALLAN, ALEJANDRO PARRA, GAIL PARRA AND BRIAN WARZECHA**, by and through their attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and for their Amended Answer to Plaintiff's Complaint, state as follows:

## INTRODUCTION

1.      These Defendants deny that Plaintiff filed suit "against the City of Troy and two of its police officers" and further deny that any of the five police officers named in the lawsuit committed civil rights violations or deprived Plaintiff of his Constitutional rights, under either the United States or Michigan Constitution.

2.      These Defendants deny that Plaintiff's alleged injuries resulted from being "struck and seriously injured by Defendant Leithauser" as Plaintiff caused the collision by driving his motorcycle into the path of the oncoming patrol vehicle. These Defendants further deny that Officer Leithauser "proceeded through a dark

intersection at a high speed" as he was not proceeding through an intersection at the time of the collision and the area was not dark.

3.      These Defendants deny the allegations contained in this paragraph as they are untrue. These Defendants further state that Plaintiff was charged with DWI by the Prosecutor based on a probable cause determination but the prosecution was later discontinued.

4.      These Defendants deny that Plaintiff's Fourth or Fourteenth Amendment rights were violated and state affirmatively that Plaintiff is not entitled relief under 42 USC 1983 or Michigan law.

## JURISDICTION AND VENUE

5.      These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

6.      These Defendants admit that the subject motor vehicle accident occurred in Oakland County, Michigan.

7.      These Defendants do not contest the jurisdiction of this Court.

8.      These Defendants do not contest this Court's authority to exercise supplemental jurisdiction.

9.      These Defendants do not contest venue.

## PARTIES

10.     These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

2

11.     These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and therefore leave Plaintiff to his proofs.

12.     These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth, and because they do not pertain to them, leave Plaintiff to his proofs.

13.     These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth, and because they do not pertain to them, leave Plaintiff to his proofs.

14.     These Defendants admit the allegations contained in this paragraph.

15.     These Defendants admit the allegations contained in this paragraph.

16.     These Defendants admit the allegations contained in this paragraph.

17.     These Defendants admit the allegations contained in this paragraph.

18.     These Defendants admit the allegations contained in this paragraph.

19.     These Defendants admit the allegations contained in this paragraph.

20.     These Defendants admit the allegations contained in this paragraph.

21.     These Defendants admit the allegations contained in this paragraph.

22.     These Defendants admit the allegations contained in this paragraph.

23.     These Defendants admit the allegations contained in this paragraph.

24.     These Defendants admit the allegations contained in this paragraph.

25.     These Defendants admit the allegations contained in this paragraph.

## GENERAL ALLEGATIONS

26.     These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

## The High Speed Chase

27.     The Defendants deny the allegations contained in this paragraph for the reason that they are untrue.

28.     These Defendants admit that at or about 8:30 p.m. on September 22, 2023, Officer Leithauser was responding to a motor vehicle injury accident, but deny the remaining allegations contained in this paragraph for the reason that they are untrue.

29.     These Defendants admit that at another dispatched City of Troy police officer reached the scene of the motor vehicle injury accident before the time at which the subject collision occurred.

30.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

31.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

32.     These Defendants admit that the posted traffic speed at the location of the subject collision is 40 mph, but deny the remaining allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

33.     The Defendants deny the allegations contained in this paragraph for the reason that they are untrue.

34.     These Defendants denying the allegations as stated in this paragraph as they are vague as to time and place, ambiguous, and capable of being misconstrued.

35.     These Defendants admit that at some time prior to the collision, the speed of Officer Leithauser's patrol vehicle, as registered on the EDR, exceeded 40 mph but deny the remaining allegations contained in this paragraph as they are incomplete, inaccurate, misleading, or otherwise untrue.

36.     These Defendants neither admit nor deny the allegations contained in this paragraph, deferring to the City of Troy as to its policies, but deny that Plaintiff's summation of Troy policies is complete or accurate; no policy was attached.

37.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

38.     These Defendants deny the allegations contained in this paragraph as they are untrue.

39.     These Defendants deny the allegations contained in this paragraph as they are untrue.

40.     These Defendants deny the allegations contained in this paragraph as they are untrue.

41.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

42.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

43.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

44.     These Defendants deny the allegations contained in this paragraph for the reason that they are untrue.

45.     These Defendants deny the allegations contained in this paragraph for the reason that they are untrue.

46.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

47.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

48.     These Defendants deny the allegations contained in this paragraph as for the reason that they are untrue.

49.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

50.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

51.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

52.     These Defendants deny the allegations contained in this paragraph as they are untrue.

53.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

54.     These Defendants deny the allegations contained in this paragraph as they are untrue.

55.     These Defendants deny the allegations contained in this paragraph as they are untrue.

56.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

## **The Search Warrant**

57.     These Defendants admit that Plaintiff was transported to the hospital with injuries, but deny the remaining allegations contained in this paragraph as they are vaguely worded, non-descriptive, and capable of misinterpretation.

58.     These Defendants deny the allegations contained in this paragraph as they are untrue.

59.     These Defendants admit that Plaintiff's blood was drawn and submitted to the Michigan State Police Forensic Science Division for analysis pursuant to the search warrant, but deny the remaining allegations contained in this paragraph for the reason that they are untrue, incomplete or misleading.

60.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue. These Defendants admit that they sought a warrant to draw Plaintiff's blood within hours of the subject collision.

61.     These Defendants admit the allegations contained in this paragraph.

62.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

63.     These Defendants deny the allegations contained in this paragraph as they are untrue.

64.     These Defendants admit the allegations contained in this paragraph.

65.     These Defendants admit the allegations contained in this paragraph.

66.     These Defendants admit the allegations contained in this paragraph.

67.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

68.     These Defendants admit the allegations contained in this paragraph.

69.     These Defendants admit the allegations contained in this paragraph.

70.     These Defendants deny the allegations contained in this paragraph as they are untrue.

71.     These Defendants deny the allegations contained in this paragraph as they are untrue.

72.     These Defendants admit the allegations contained in this paragraph.

73.     These Defendants admit the allegations contained in this paragraph.

74.     These Defendants admit the allegations contained in this paragraph.

75.     These Defendants deny the allegations contained in this paragraph as they are untrue.

76.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

77.     These Defendants deny the allegations contained in this paragraph as they are untrue.

78.     These Defendants admit the allegations contained in this paragraph.

79.     These Defendants deny the allegations contained in this paragraph as they are untrue.

80.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

81.     These Defendants admit the allegations contained in this paragraph.

82.     These Defendants deny the allegations contained in this paragraph as they are untrue.

83.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

84.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

85.     These Defendants deny the allegations contained in this paragraph as they are untrue.

86.     These Defendants deny the allegations contained in this paragraph as they are untrue.

87.     These Defendants admit the allegations contained in this paragraph.

## The EDR Data

88.     These Defendants admit that Sgt. Warzecha arranged for the download of the EDR data from Officer Leithauser's vehicle, but deny the allegations contained in this paragraph as stated.

89.     These Defendants admit that the EDR print out is dated September 25, 2023 but deny the allegations contained in this paragraph as stated.

90.     These Defendants deny the allegations contained in this paragraph as they misconstrue and misrepresent the date, are incomplete, or otherwise untrue.

91.     These Defendants neither admit nor deny the allegations contained in this paragraph for lack of information or knowledge, and leave Plaintiff to his proofs.

92.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

93.     These Defendants neither admit nor deny the allegations contained in this paragraph for lack of information or knowledge, and leave Plaintiff to his proofs.

94.     These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

95.     These Defendants deny the allegations contained in this paragraph as they are untrue.

**The UD-10 Crash**

96.    These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

97.    These Defendants neither admit nor deny the allegations contained in this paragraph for lack of information or knowledge and leave Plaintiff to his proofs, as they did not author the report.

98.    These Defendants deny the allegations contained in this paragraph as they are untrue.

99.    These Defendants neither admit nor deny the allegations contained in this paragraph for lack of information or knowledge and leave Plaintiff to his proofs, as they did not author the report.

100.   These Defendants neither admit nor deny the allegations contained in this paragraph for lack of information or knowledge and leave Plaintiff to his proofs, as they did not author the report.

101.   These Defendants deny the allegations contained in this paragraph as they are untrue.

102.   These Defendants deny the allegations contained in this paragraph as they are untrue.

103.   These Defendants deny the allegations contained in this paragraph as they are untrue.

**The Criminal Prosecution**

104.   These Defendants state that they need not respond to Plaintiff's conclusions of law contained in this paragraph, but deny the factual conclusions as they are incomplete, misleading, or otherwise untrue.

105.   These Defendants deny the allegations contained in this paragraph as they misconstrue and misapply the law, and because they are otherwise untrue.

106.   These Defendants deny the allegations contained in this paragraph as they misconstrue and misapply the law, are incomplete and otherwise untrue.

107.   These Defendants deny the allegations contained in this paragraph as they misconstrue and misapply the law, are incomplete and otherwise untrue.

108.   These Defendants deny the allegations contained in this paragraph as they misconstrue and misapply the law, are incomplete and otherwise untrue.

109.   These Defendants deny the allegations contained in this paragraph as they are untrue.

110.   These Defendants deny the allegations contained in this paragraph as they are untrue.

111.   These Defendants deny the allegations contained in this paragraph as they are untrue.

112.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

113.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

114.   These Defendants admit that the Prosecutor filed a petition of nolle prosequi as to the OWI charge, but deny the remaining allegations contained in this paragraph as they are misleading, incomplete, and otherwise untrue.

115.   These Defendants admit that the Prosecutor filed a petition of nolle prosequi and the judge granted that petition, but deny the remaining allegations contained in this paragraph as they are misleading, incomplete, and otherwise untrue.

116.   These Defendants deny the allegations contained in this paragraph as they are untrue.

### The Missing Videos

117.   These Defendants admit the allegations contained in this paragraph.

118.   These Defendants admit the allegations contained in this paragraph.

119.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue. Further answering said paragraphs, these Defendants defer to the City of Troy for details as to camera activation, as it is the custodian of this equipment and associated technology.

120.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue. Further answering said paragraphs, these Defendants defer to the City of Troy for details as to camera activation, as it is the custodian of this equipment and associated technology.

13

121.   These Defendants state that they are not the records custodian of any videos and are without sufficient information of knowledge to respond to the allegations contained in this paragraph, but state upon information and belief that the in-car video from Officer Leithauser's vehicle was retrieved and preserved.

122.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

123.   These Defendants deny the allegations contained in this paragraph as they are untrue.

### Mr. Szczesny's Catastrophic Injuries

124.   These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and therefore leave Plaintiff to his proofs.

125.   These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and therefore leave Plaintiff to his proofs.

126.   These Defendants deny the allegations contained in this paragraph, and subparagraphs a. – u., as they are untrue.

127.   These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and therefore leave Plaintiff to his proofs.

128.   These Defendants deny the allegations contained in this paragraph as they are untrue.

129.   These Defendants deny the allegations contained in this paragraph as they are untrue.

130.   These Defendants deny the allegations contained in this paragraph as they are untrue.

131.   These Defendants deny the allegations contained in this paragraph as they are untrue.

132.   These Defendants deny the allegations contained in this paragraph as they are untrue.

133.   These Defendants deny the allegations contained in this paragraph as they are untrue.

134.   These Defendants deny the allegations contained in this paragraph  as they are untrue.

135.   These Defendants deny the allegations contained in this paragraph as they are untrue.

136.   These Defendants deny the allegations contained in this paragraph  as they are untrue.

137.   These Defendants deny the allegations contained in this paragraph as they are untrue.

138. These Defendants deny the allegations contained in this paragraph as they are untrue.

139. These Defendants deny the allegations contained in this paragraph as they are untrue.

140. These Defendants deny the allegations contained in this paragraph as they are untrue.

141. These Defendants deny the allegations contained in this paragraph as they are untrue.

142. These Defendants deny the allegations contained in this paragraph as they are untrue.

143. These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and therefore leave Plaintiff to his proofs.

144. These Defendants deny the allegations contained in this paragraph as they are untrue.

**COUNT I – Unlawful Seizure ad Excessive Force – 42 USC §1983
(Fourth Amendment)**

**(As to Defendant City of Troy and Defendant Leithauser)**

145. These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

146.   These Defendants deny the allegations contained in this paragraph as they are untrue.

147.   These Defendants deny the allegations contained in this paragraph as they are untrue.

148.   These Defendants deny the allegations contained in this paragraph as they are untrue.

149.   These Defendants deny the allegations contained in this paragraph as they are untrue.

150.   These Defendants deny the allegations contained in this paragraph as they are untrue.

151.   These Defendants deny the allegations contained in this paragraph as they are untrue.

152.   These Defendants deny the allegations contained in this paragraph as they are untrue.

153.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT II – Unlawful Search Warrant – 42 USC §1983 (Fourth Amendment)

### (As to Defendant City of Troy and Defendant Allan)

154.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

155.   These Defendants deny the allegations contained in this paragraph as they are untrue.

156.   These Defendants admit the allegations contained in this paragraph.

157.   These Defendants deny the allegations contained in this paragraph as they are untrue.

158.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

159.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

160.   These Defendants deny the allegations contained in this paragraph, and subparagraphs a. – f., as they are untrue.

161.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

162.   These Defendants deny the allegations contained in this paragraph as they are untrue.

163.   These Defendants deny the allegations contained in this paragraph as they are untrue.

164.   These Defendants deny the allegations contained in this paragraph as they are untrue.

165.   These Defendants deny the allegations contained in this paragraph as they are untrue.

166.   These Defendants deny the allegations contained in this paragraph as they are untrue.

167.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

### COUNT III – Failure to Train – 42 USC §1983 (*Monell*)

### (As to Defendant City of Troy)

168.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

169.   These Defendants deny the allegations contained in this paragraph and subparagraphs a.-d. as they are vague and subject to misinterpretation, deferring to the City of Troy as these allegations related training are directed to it, and not to them, but state affirmatively that they received training, did not violate Plaintiff's Constitutional rights and were not negligent/grossly negligent.

170.   These Defendants deny the allegations contained in this paragraph as they are untrue.

171.   These Defendants deny the allegations contained in this paragraph as they are untrue.

172.   These Defendants deny the allegations contained in this paragraph as they are untrue.

173.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT IV – Failure to Supervise – 42 USC §1983 (*Monell*)

### (As to Defendant City of Troy)

174.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

175.   These Defendants deny the allegations contained in this paragraph as they are vague, misleading, and lead to the erroneously inference that these Defendants violated Plaintiff's Constitutional rights and/or were negligent/grossly negligent, which is not true, but defer to the City of Troy as these allegations related supervision are directed to it, and not to them.

176.   These Defendants deny the allegations contained in this paragraph as they are untrue.

177.   These Defendants deny the allegations contained in this paragraph as they are untrue.

178.   These Defendants deny the allegations contained in this paragraph as they are untrue.

179.   These Defendants deny the allegations contained in this paragraph as they are untrue.

180.   These Defendants deny the allegations contained in this paragraph as they are untrue.

181.   These Defendants deny the allegations contained in this paragraph as they are untrue.

182.   These Defendants deny the allegations contained in this paragraph as they are untrue.

183.   These Defendants deny the allegations contained in this paragraph as they are untrue.

184.   These Defendants deny the allegations contained in this paragraph as they are untrue.

185.   These Defendants deny the allegations contained in this paragraph as they are untrue.

186.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT V – Malicious Prosecution – 42 USC §1983 (*Monell*)

### (As to All Defendants)

187.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

188.   These Defendants deny the allegations contained in this paragraph as they are incomplete, misleading, or otherwise untrue.

189.   These Defendants deny the allegations contained in this paragraph as they are untrue.

190.   These Defendants deny the allegations contained in this paragraph as they are untrue.

191.   These Defendants deny the allegations contained in this paragraph as they are untrue.

192.   These Defendants deny the allegations contained in this paragraph as they are untrue.

193.   These Defendants deny the allegations contained in this paragraph as they are untrue.

194.   These Defendants deny the allegations contained in this paragraph as they are untrue.

195.   These Defendants deny the allegations contained in this paragraph as they are untrue.

196.   These Defendants deny the allegations contained in this paragraph as they are untrue.

197.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT VI – Violation of Substantive Due Process – State-Created Danger 42 USC §1983 (Fourteenth Amendment)

### (As to Defendant City of Troy and Defendant Leithauser)

198.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

199.   These Defendant deny the allegations contained in this paragraph as Plaintiff misinterprets, misconstrues and misapplies the law.

200.   These Defendants deny that allegations in contained in this paragraph and subparagraphs a. – f., for the reason that they are incomplete, misleading, or otherwise untrue.

201. These Defendants deny the allegations contained in this paragraph as they are untrue.

202. These Defendants deny the allegations contained in this paragraph as they are untrue.

203. These Defendants deny the allegations contained in this paragraph as they are untrue.

204. These Defendants deny the allegations contained in this paragraph as they are untrue.

205. These Defendants deny the allegations contained in this paragraph as they are untrue.

206. These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT VII – Malicious Prosecution – State Law

### (As to All Defendants)

207. These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

208. These Defendants deny the allegations contained in this paragraph as they are untrue.

209.   These Defendants deny the allegations contained in this paragraph as they are untrue.

210.   These Defendants deny the allegations contained in this paragraph as they are untrue.

211.   These Defendants deny the allegations contained in this paragraph as they are untrue.

212.   These Defendants deny the allegations contained in this paragraph as they are untrue.

213.   These Defendants deny the allegations contained in this paragraph as they are untrue.

214.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

**COUNT VIII – Negligence – State Law (Common Lw and MCL 500.3135)**

**(As to Defendant City of Troy and Defendant Leithauser)**

215.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

216.   These Defendant deny the allegations contained in this paragraph as Plaintiff misinterprets, misconstrues and misapplies the law, and because they are otherwise untrue.

217.   These Defendant deny the allegations contained in this paragraph as Plaintiff misinterprets, misconstrues and misapplies the law, and because they are otherwise untrue.

218.   These Defendant deny the allegations contained in this paragraph, and subparagraphs (a) – (m) as Plaintiff misinterprets, misconstrues and misapplies the law, and because they are otherwise untrue.

219.   These Defendant deny the allegations contained in this paragraph, and subparagraphs a. – d., as Plaintiff misinterprets, misconstrues and misapplies the law, and because they are otherwise untrue.

220.   These Defendants deny the allegations contained in this paragraph as they are untrue.

221.   These Defendants deny the allegations contained in this paragraph as they are untrue.

222.   These Defendants deny the allegations contained in this paragraph as they are untrue.

223.   These Defendants admit the allegations contained in this paragraph.

224.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT IX - Gross Negligence (State Law)

### (As to Defendant City of Troy and Defendant Leithauser)

225.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

226.   These Defendants deny the allegations contained in this paragraph, and subparagraphs a. – e., as they are incomplete, misleading and otherwise untrue.

227.   These Defendants deny the allegations contained in this paragraph as they are untrue.

228.   These Defendants deny the allegations contained in this paragraph as they are untrue.

These Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT X – Negligent Entrustment and Owner's Liability Pursuant to State Law (MCL 257.401, et seq)

### (As to Defendant City of Troy)

229.   These Defendants hereby incorporate by reference each and every answer to all preceding paragraphs as though fully set forth herein.

27

230.   These Defendants admit the allegations contained in this paragraph.

231.   These Defendants neither admit nor deny the allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and as they are not directed to them, leave Plaintiff to his proofs but deny that any decision allowing Officer Leithauser to drive a City-owned vehicle was negligent.

232.   These Defendants deny the allegations contained in this paragraph as they suggest or imply that entrustment of the patrol vehicle to Officer Leithauser was negligent, and neither admit nor deny the remaining allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and as they are not directed to them, leave Plaintiff to his proofs.

233.   These Defendants deny the allegations contained in this paragraph as they are untrue.

234.   These Defendants deny the allegations contained in this paragraph as they are untrue.

235.   These Defendants deny the allegations contained in this paragraph as they are untrue.

236.   These Defendants admit the allegations contained in this paragraph.

237.   These Defendants deny the allegations contained in this paragraph as they are untrue.

238.   These Defendants deny the allegations contained in this paragraph as they suggest or imply that entrustment of the patrol vehicle to Officer Leithauser

28

was negligent, and neither admit nor deny the remaining allegations contained in this paragraph for lack of sufficient information or knowledge as to their truth and as they are not directed to them, leave Plaintiff to his proofs.

Defendants respectfully request that this Honorable Court dismiss this Complaint with costs and attorney fees so wrongfully sustained by the necessity of defense.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


s/Margaret T. Debler
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
(P43905)

DATED: November 14, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

                Plaintiff,

-vs-

CITY OF TROY, a municipal corporation;
EVAN LEITHAUSER, in his personal and
professional capacities; SCOTT ALLAN, in
his personal and professional capacities;
ALEJANDRO PARRA, in his personal and
professional capacities; GAIL PARRA, in
her personal and professional capacities; and
BRIAN WARZECHA, in his personal and
professional capacities,

                Defendants.

_____ /

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

LAW OFFICES OF JASON A.
WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI  48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI  48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler  (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____ /

## **<u>AFFIRMATIVE DEFENSES</u>**

NOW COME Defendants, **EVAN LEITHAUSER, SCOTT ALLAN, ALEJANDRO PARRA, GAIL PARRA AND BRIAN WARZECHA**, by and through their attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and state that even though there has not been an opportunity to complete discovery or investigation of this matter, for their Affirmative Defenses, Defendants state as follows:

1.     Plaintiff failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims under federal law are barred by the application of qualified immunity or other immunity provided by federal law.

3.     Plaintiff's Constitutional claims fail as the officers were at all times acting with probable cause.

4.     Plaintiff's Constitutional claims fail because probable cause was established by the warrant issued.

5.      Plaintiff' Constitutional claims fail because he was not seized by these Defendants.

6.      Plaintiff's Constitutional and state law malicious prosecution claims fail as Defendant did not initiate, influence, or continue the prosecution against Mr. Szczesny.

7.      Plaintiff's Due Process claim fails as he cannot demonstrate that these Defendants failed to protect him against private acts of violence.

8.      Plaintiff's claims under state law are barred by the application of governmental immunity or other immunity provided by state law.

9.      Plaintiff's injuries, if any, are the result of his comparative negligence or wrongful conduct in failing to obey traffic laws.

10.      Plaintiff's claims are barred by the applicable statute of limitations or laches.

11.      Plaintiff's claims are barred by the application of collateral estoppel and/or res judicata.

12.      The individual Defendants were at all times acting in good faith, and without malice.

13.      The individual Defendants were at all times exercising their discretionary authority rather than engaging in ministerial acts.

14. Plaintiff failed to use proper care and mitigate his damages and, therefore, may not be compensated for any damages which resulted from his failure to use such care.

15. Plaintiff was comparatively negligent, and an award, if any, must be reduced by the amount of his comparative negligence.

16. Plaintiff was greater than fifty (50%) percent comparatively negligent in causing the accident and/or injuries complained of and is, therefore, barred from economic recovery according to MCL 600.2959 and should have his non-economic damages reduced or barred accordingly.

17. Plaintiff was greater than fifty (50%) percent at fault and therefore damages may not be assessed in his favor, as set forth in MCL 500.3135(2)(b).

18. Plaintiff's claims are barred and/or limited by his assuming the risk of injury by voluntarily engaging in acts, which he knew, or should have known, presented a foreseeable risk of harm to him.

19. Plaintiff's injuries resulted from his own negligence.

20. Plaintiff failed to exercise due care and caution for his own safety and this was the proximate cause of his alleged injuries.

21. Plaintiff cannot demonstrate he suffered a serious impairment of a body function, or a serious permanent disfigurement, as defined by MCL 500.3135.

22.     Plaintiff cannot demonstrate a serious disfigurement as defined by MCL 500.3135.

23.     Defendants, including Defendant Leithauser, were governmental employees, acting the course and scope of their employment within their authority as a police officers and are therefore they entitled to governmental immunity as they were neither grossly negligent, nor were they the proximate cause of injuries sustained by Plaintiff.

24.     Plaintiff's actions leading to the collision were in violation of the Motor Vehicle Code and/or other laws of the State of Michigan were the cause of the accident in question.

25.     Plaintiff had the last clear chance to avoid the accident.

26.     Plaintiff's claims against Defendant Leithauser fail because his conduct was not so reckless as to demonstrate a substantial lack of concern for whether injury would result, and his operation of the subject police vehicle was not the proximate cause of Plaintiff's alleged injuries.

27.     Plaintiff's claim is barred because he did not maintain the appropriate security as required by MCL 500.3101(1).

28.     Plaintiff's claim for medical expenses, attendant care, replacement services, other reasonable expenses, work-loss (up to 3 years), and mileage is barred because he maintained a No-Fault Insurance policy and/or motorcycle insurance.

29.     Plaintiff's claim for economic damages is barred in full or in part because he maintained a limited PIP coverage policy, as set forth by MCL 500.3107c.

30.     Plaintiff's claim for damages is barred or reduced by his failure to maintain adequate security on his motorcycle and/or wear a helmet. MCL 257.658, MCL 500.3103.

31.     Defendants rely on and adopt any and all affirmative defenses raised by Co-Defendant City of Troy.

32.     Defendants reserve the right to plead additional affirmative defenses as they become known through discovery.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


s/Margaret T. Debler
Attorneys for Defendants Leithauser, Allan,
Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
(P43905)


DATED:  November 14, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

               Plaintiff,

-vs-

CITY OF TROY, a municipal corporation;
EVAN LEITHAUSER, in his personal and
professional capacities; SCOTT ALLAN, in
his personal and professional capacities;
ALEJANDRO PARRA, in his personal and
professional capacities; GAIL PARRA, in
her personal and professional capacities; and
BRIAN WARZECHA, in his personal and
professional capacities,

               Defendants.

_____ /

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

LAW OFFICES OF JASON A.
WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI  48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI  48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler  (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____ /

## RELIANCE UPON JURY DEMAND

NOW COME Defendants, **EVAN LEITHAUSER, SCOTT ALLAN, ALEJANDRO PARRA, GAIL PARRA AND BRIAN WARZECHA**, by and through their attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, and hereby rely upon Plaintiff's demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/Margaret T. Debler
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Dr., Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
(P43905)

DATED:  November 14, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  On:    [NONE]

> ROSATI SCHULTZ JOPPICH
> & AMTSBUECHLER PC
>
> s/Margaret T. Debler
> Attorneys for Defendants Leithauser,
> Allan, Parra, Parra and Warzecha
> 27555 Executive Drive, Ste. 250
> Farmington Hills, MI 48331
> (248) 489-4100
> mdebler@rsjalaw.com
> (P43905)