# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS SZCZESNY,**

               **Plaintiff,**

v.

**CITY OF TROY**, a municipal corporation,
    et al.,

               **Defendants**.

Case No: 2:25-cv-12836
Hon. Gershwin Drain
Magistrate Judge Stafford

_____/

**LAW OFFICES OF JASON A. WAECHTER**
AARON R. MARTINEZ (P86228)
JASON A. WAECHTER (P47651)
Attorneys for Plaintiff
19080 W Ten Mile Road
Southfield, MI 48075
(248) 355-4701
aaron@877powerlaw.com;
jason@877powerlaw.com

ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER PC
Margaret T. Debler (P43905)
Amanda P. Waske (P81128)
Attorneys for the Individual Troy Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

LORI GRIGG BLUHM (P46908)
JULIE QUINLAN DUFRANE (P59000)
Attorneys for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov;
BluhmLG@troymi.gov

_____/

# ANSWER TO COMPLAINT AND RELIANCE ON JURY DEMAND

Defendant CITY OF TROY ("TROY"), by and through its attorneys, LORI GRIGG BLUHM, Troy City Attorney, and JULIE QUINLAN DUFRANE, Assistant City Attorney, states its Answer to Plaintiff's Complaint as follows:

## INTRODUCTION

1.     To the extent that paragraph number one states a factual allegation, it is denied because it is untrue. The City of Troy has not deprived Plaintiff of any Constitutional right under the United States or Michigan Constitutions.

2.     To the extent that paragraph number two states a factual allegation, it is denied because it is untrue.

3.     To the extent that paragraph number three states a factual allegation, it is denied because it is untrue.

4.     To the extent that paragraph number four states a factual allegation, it is denied because it is untrue. Defendant City of Troy denies that Plaintiff is entitled to any relief requested under 42 U.S.C. § 1983 or under Michigan law.

## JURISDICTION AND VENUE

5.     The paragraphs above are incorporated by reference below as if fully set forth herein.

6.     Admitted.

7-8.   Defendant City of Troy does not dispute this Court's jurisdiction as articulated in paragraphs seven and eight.

9.      Defendant City of Troy does not dispute that venue is proper in this Court.

## PARTIES

10.      The paragraphs above are incorporated by reference below as if fully set forth herein.

11.      Defendant Troy neither admits nor denies the allegations contained in paragraph eleven because it lacks sufficient knowledge upon which to form a belief and therefore leaves Plaintiff to his proofs.

12.      Admitted.

13.      Admitted.

14.      The allegations contained in paragraph fourteen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

15.      The allegations contained in paragraph fifteen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

16.      The allegations contained in paragraph sixteen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

17.      The allegations contained in paragraph seventeen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

18.      The allegations contained in paragraph eighteen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

19.     The allegations contained in paragraph nineteen are not directed to the City of Troy, therefore, these are neither admitted nor denied.

20.     The allegations contained in paragraph 20 are not directed to the City of Troy, therefore, these are neither admitted nor denied.

21.     The allegations contained in paragraph 21 are not directed to the City of Troy, therefore, these are neither admitted nor denied.

22.     The allegations contained in paragraph 22 are not directed to the City of Troy, therefore, these are neither admitted nor denied.

23.     The allegations contained in paragraph 23 are not directed to the City of Troy, therefore, these are neither admitted nor denied.

24.     The allegations contained in paragraph 24 are not directed to the City of Troy, therefore, these are neither admitted nor denied.

25.     Defendant City of Troy denies that Plaintiff was deprived of any state or federally protected right.

## GENERAL ALLEGATIONS

26.     The paragraphs listed above are adopted and incorporated below by reference as if fully set forth herein.

27.     The allegation contained in paragraph 27 is denied because it is untrue.

28.     The allegations contained in paragraph 28 do not pertain to Defendant City of Troy, therefore an answer is not required.  To the extent that an answer may be required, Defendant Troy admits that Defendant Leithauser was responding to a motor vehicle accident on the stated date at or near the stated time, however, the remaining allegations are denied because they are untrue.

29.     Defendant Troy neither admits nor denies the allegations contained in paragraph 29 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

30.     Defendant Troy neither admits nor denies the allegations contained in paragraph 30 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

31.     Defendant Troy neither admits nor denies the allegations contained in paragraph 31 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

32.     Admitted.

33.     The allegations contained in paragraph 33 do not pertain to Defendant Troy, therefore an answer is not required.  To the extent that an answer may be required, Troy denies the allegation as stated because it is untrue and inaccurate.

34.     The allegations contained in paragraph 34 do not pertain to Defendant Troy, therefore an answer is not required.  To the extent that an answer may be

required, Troy neither admits nor denies the allegations contained in paragraph 34 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

35.     Defendant Troy neither admits nor denies the allegations contained in paragraph 35 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

36.     Defendant Troy denies the allegations contained in paragraph 36 because as stated these are inaccurate, misleading, and untrue.

37.     Defendant Troy denies the allegations contained in paragraph 37 because they are untrue.

38.     Defendant Troy denies the allegations as stated in paragraph 38 because as written these are inaccurate or untrue.

39.     Defendant Troy neither admits nor denies the allegations contained in paragraph 39 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

40.     Defendant Troy neither admits nor denies the allegations contained in paragraph 40 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

41.     Defendant Troy neither admits nor denies the allegations contained in paragraph 41 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

42.     Defendant Troy neither admits nor denies the allegations contained in paragraph 42 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

43.     Defendant Troy neither admits nor denies the allegations contained in paragraph 43 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

44.     Denied because it is untrue.

45.     Defendant Troy neither admits nor denies the allegations contained in paragraph 45 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

46.     Defendant Troy neither admits nor denies the allegations contained in paragraph 46 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

47.     Defendant Troy neither admits nor denies the allegations contained in paragraph 47 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

48.     Defendant Troy neither admits nor denies the allegations contained in paragraph 48 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

49.     Defendant Troy neither admits nor denies the allegations contained in paragraph 49 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

50.     Defendant Troy neither admits nor denies the allegations contained in paragraph 50 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

51.     Defendant Troy neither admits nor denies the allegations contained in paragraph 51 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

52.     Defendant Troy neither admits nor denies the allegations contained in paragraph 52 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

53.     Denied because it is untrue.

54.     Denied because it is untrue.

55.     Denied because it is untrue.

56.     Defendant Troy neither admits nor denies the allegations contained in paragraph 56 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

57.     Defendant Troy admits that Plaintiff was transported to a hospital in Royal Oak. The remaining allegations are neither admitted nor denied because Defendant Troy lacks sufficient knowledge or information to form a belief as to the truth of the assertion.

58.     Defendant Troy neither admits nor denies the allegations contained in paragraph 58 because they lack sufficient information or knowledge to determine the truthfulness of the assertion as written.

59.     Defendant Troy neither admits nor denies the allegations contained in paragraph 59 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

60.     Defendant Troy neither admits nor denies the allegations as written and contained in paragraph 60 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion as written and therefore leaves Plaintiff to his proofs.

61.     Defendant Troy neither admits nor denies the allegations contained in paragraph 61 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion as written and therefore leaves Plaintiff to his proofs.

62.    Defendant Troy neither admits nor denies the allegations contained in paragraph 62 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion as written and therefore leaves Plaintiff to his proofs.

63.    Defendant Troy neither admits nor denies the allegations contained in paragraph 63 as written because it lacks sufficient knowledge or information upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

64.    The allegation contained in paragraph 64 does not pertain to the City of Troy therefore no response is required.  Defendant Troy further objects to the relevance of paragraph 64.

65.    The allegations contained in paragraph 65 do not pertain to the City of Troy, therefore no response is required.  To the extent that an answer is required, Defendant Troy neither admits nor denies the allegations contained in paragraph 65 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

66.    The allegations contained in paragraph 66 do not pertain to the City of Troy, therefore no response is required.  To the extent that an answer is required, Defendant Troy neither admits nor denies the allegations contained in paragraph 66 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

67.     The allegations contained in paragraph 67 do not pertain to the City of Troy, therefore no response is required. Defendant Troy neither admits nor denies the allegations contained in paragraph 67 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

68.     Defendant Troy neither admits nor denies the allegations contained in paragraph 68 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

69.     Defendant Troy neither admits nor denies the allegations contained in paragraph 69 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

70.     Defendant Troy neither admits nor denies the allegations contained in paragraph 70 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

71.     Defendant Troy neither admits nor denies the allegations contained in paragraph 71 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

72.     Defendant Troy neither admits nor denies the allegations contained in paragraph 72 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

73.     Defendant Troy neither admits nor denies the allegations contained in paragraph 73 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

74.     Defendant Troy neither admits nor denies the allegations contained in paragraph 74 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

75.     Defendant Troy denies that the crash was "caused by" Leithauser. The remaining allegations contained in paragraph 75 are neither admitted nor denied because Defendant Troy lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

76.     Defendant Troy neither admits nor denies the allegations contained in paragraph 76 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

77.     Defendant Troy neither admits nor denies the allegations contained in paragraph 77 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

78.     Defendant Troy neither admits nor denies the allegations contained in paragraph 78 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

79.    Defendant Troy neither admits nor denies the allegations contained in paragraph 79 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

80.    Defendant Troy neither admits nor denies the allegations contained in paragraph 80 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

81.    Defendant Troy neither admits nor denies the allegations contained in paragraph 81 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

82.    Defendant Troy neither admits nor denies the allegations contained in paragraph 82 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

83.    Defendant Troy neither admits nor denies the allegations contained in paragraph 83 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

84.    Defendant Troy neither admits nor denies the allegations contained in paragraph 84 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

85.    Denied because it is untrue.

86.    Denied because it is untrue.

87.    Admitted.

88.    Defendant Troy neither admits nor denies the allegations contained in paragraph 88 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

89.    Defendant Troy neither admits nor denies the allegations contained in paragraph 89 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

90.    Defendant Troy neither admits nor denies the allegations contained in paragraph 90 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

91.    Defendant Troy neither admits nor denies the allegations contained in paragraph 91 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

92.    Defendant Troy neither admits nor denies the allegations contained in paragraph 92 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

93.    Defendant Troy neither admits nor denies the allegations contained in paragraph 93 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

94.     Defendant Troy neither admits nor denies the allegations contained in paragraph 94 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

95.     Defendant Troy neither admits nor denies the allegations contained in paragraph 95 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

96.     Denied because upon information and belief the matter as asserted is untrue.

97.     The allegation contained in paragraph 97 do not pertain to the City of Troy, therefore no response is required.  To the extent that an answer is required, Troy admits that Sgt. Eftink from an outside agency, authored a report which speaks for itself.

98.     Defendant Troy neither admits nor denies the allegations contained in paragraph 98 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The UD-10 report speaks for itself.

99.     Admitted. The UD-10 report speaks for itself.

100.    Defendant Troy neither admits nor denies the allegations contained in paragraph 100 because it lacks sufficient knowledge upon which to form a belief as

to the truth of the assertion and therefore leaves Plaintiff to his proofs. The UD-10 report authored by non-party Eftink speaks for itself.

101.    Defendant Troy neither admits nor denies the allegations contained in paragraph 101 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

102.    Defendant Troy neither admits nor denies the allegations contained in paragraph 102 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The UD-10 report authored by non-party Eftink speaks for itself.

103.    Defendant Troy neither admits nor denies the allegations contained in paragraph 100 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The UD-10 report authored by non-party Eftink speaks for itself.

104.    Paragraph 104 is a legal conclusion that does not require an answer.

105.    Paragraph 105 is a legal conclusion that does not require an answer.

106.    Paragraph 106 is a legal conclusion that does not require an answer.

107.    Paragraph 107 is a legal conclusion that does not require an answer.

108.    Paragraph 108 is a legal conclusion that does not require an answer.

109.    Denied because based upon information and belief it is untrue.

110.    Denied because based upon information and belief it is untrue.

111.   Paragraph 111 is a legal conclusion that does not require an answer.

112.   Denied because based upon information and belief it is untrue.

113.   Defendant Troy neither admits nor denies the allegations contained in paragraph 113 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

114.   Defendant Troy neither admits nor denies the allegations contained in paragraph 114 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The court proceeding on December 4, 2024 speaks for itself.

115.   Defendant Troy neither admits nor denies the allegations contained in paragraph 115 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The court proceeding on December 5, 2024 speaks for itself.

116.   Defendant Troy admits that the criminal matter filed against Plaintiff Szczesny was closed upon motion made by the Oakland County Prosecutor.

117.   Admitted.

118.   Admitted.

119.   Admitted.

120.   Denied because based upon information and belief because the allegation as worded is untrue.

121.   Denied because based upon information and belief the allegation as worded is untrue.

122.   Denied because based upon information and belief the allegation as worded is untrue.

123.   Defendant Troy neither admits nor denies the allegations contained in paragraph 123 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs. The video recordings speak for themselves.

124.   Defendant Troy neither admits nor denies the allegations contained in paragraph 124 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

125.   Defendant Troy neither admits nor denies the allegations contained in paragraph 125 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

126.   Defendant Troy neither admits nor denies the allegations contained in paragraph 126 including all of its subparts (a-u) because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

127.   Defendant Troy neither admits nor denies the allegations contained in paragraph 127 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

128.   Defendant Troy neither admits nor denies the allegations contained in paragraph 128 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

129.   Defendant Troy neither admits nor denies the allegations contained in paragraph 129 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

130.   Defendant Troy neither admits nor denies the allegations contained in paragraph 130 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

131.   Defendant Troy neither admits nor denies the allegations contained in paragraph 131 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

132.   Defendant Troy neither admits nor denies the allegations contained in paragraph 132 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

133.   Defendant Troy neither admits nor denies the allegations contained in paragraph 133 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

134.   Defendant Troy neither admits nor denies the allegations contained in paragraph 134 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

135.   Defendant Troy neither admits nor denies the allegations contained in paragraph 135 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

136.   Defendant Troy neither admits nor denies the allegations contained in paragraph 136 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

137.   Defendant Troy neither admits nor denies the allegations contained in paragraph 137 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

138.   Defendant Troy neither admits nor denies the allegations contained in paragraph 138 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

139.   Defendant Troy neither admits nor denies the allegations contained in paragraph 139 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

140.   Defendant Troy neither admits nor denies the allegations contained in paragraph 140 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

141.   Defendant Troy neither admits nor denies the allegations contained in paragraph 141 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

142.   Defendant Troy neither admits nor denies the allegations contained in paragraph 142 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

143.   Defendant Troy neither admits nor denies the allegations contained in paragraph 143 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

144.   Defendant Troy neither admits nor denies the allegations contained in paragraph 144 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

## **COUNT I – Unlawful Seizure and Excessive Force – 42 U.S.C. § 1983 (Fourth Amendment)**

145.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

146.   The allegation contained in paragraph 146 is a legal conclusion for which an answer is not required.  To the extent that paragraph 146 could be construed as a factual allegation, Defendant Troy denies the allegation because as written it is untrue.

147.   The allegation contained in paragraph 147 is a legal conclusion for which an answer is not required.  To the extent that paragraph 147 could be construed as a factual allegation, Defendant Troy denied the allegation because as written it is untrue.

148.   Defendant Troy neither admits nor denies the allegation contained in paragraph 148 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

149.   Denied because the allegation as framed by Plaintiff is untrue.

150.   The allegation contained in paragraph 150 is a legal conclusion for which an answer is not required.  To the extent that paragraph 150 could be construed as a factual allegation, Defendant Troy denies the allegation as stated because it is untrue.

151.   The allegation contained in paragraph 151 is a legal conclusion for which an answer is not required.  To the extent that paragraph 151 could be

construed as a factual allegation, Defendant Troy denies the allegation because as stated it is untrue.

152.   The allegation contained in paragraph 152 is a legal conclusion for which an answer is not required.  To the extent that paragraph 152 could be construed as a factual allegation, Defendant Troy denies the allegation because as stated it is untrue.

153.   The allegation contained in paragraph 153 is a legal conclusion for which an answer is not required.  To the extent that paragraph 153 could be construed as a factual allegation, Defendant Troy neither admits nor denies the allegation because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT II – Unlawful Search Warrant – 42 U.S.C. § 1983 (Fourth Amendment)

154.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

155.   The allegation contained in paragraph 155 does not pertain to Defendant Troy, therefore no response is required.

156.   The allegation contained in paragraph 156 does not pertain to Defendant Troy, therefore no response is required. To the extent that paragraph 156 could be construed as an allegation made against the City of Troy, it is admitted.

157.   The allegation contained in paragraph 157 is a legal conclusion for which an answer is not required.  To the extent that paragraph 157 could be construed as a factual allegation, Defendant Troy neither admits nor denies the allegation because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

158.   The allegation contained in paragraph 158 does not pertain to Defendant Troy, therefore no response is required.

159.    Defendant Troy neither admits nor denies the allegation contained in paragraph 159 because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

160.   Defendant Troy neither admits nor denies the allegation contained in paragraph 160 including each of its subparts (a-f) because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

161.   The allegation contained in paragraph 161 does not pertain to Defendant Troy, therefore no response is required.

162.   Denied because it is untrue.

163.   The allegation contained in paragraph 163 is a legal conclusion for which an answer is not required.  To the extent that paragraph 163 could be construed as a factual allegation, Defendant Troy neither admits nor denies the allegation because it lacks sufficient knowledge upon which to form a belief as to the truth of the assertion and therefore leaves Plaintiff to his proofs.

164.   The allegation contained in paragraph 164 is a legal conclusion for which an answer is not required.  To the extent that paragraph 164 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

165.   The allegation contained in paragraph 165 is a legal conclusion for which an answer is not required.

166.   The allegation contained in paragraph 166 is a legal conclusion for which an answer is not required.  To the extent that paragraph 166 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

167.   The allegation contained in paragraph 167 is a legal conclusion for which an answer is not required.  To the extent that paragraph 167 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

### COUNT III – Failure to Train – 42 U.S.C. § 1983 (*Monell*)

168.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

169.   Defendant Troy denies the allegations contained in paragraph 169 including each and every subpart (a-d) because they are untrue.

170.   The allegation contained in paragraph 170 is a legal conclusion for which an answer is not required.  To the extent that paragraph 170 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

171.   The allegation contained in paragraph 171 is a legal conclusion for which an answer is not required.  To the extent that paragraph 171 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

172.   Denied because it is untrue.

173.   The allegation contained in paragraph 173 is a legal conclusion for which an answer is not required.  To the extent that paragraph 173 could be

construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT IV – Failure to Supervise – 42 U.S.C. § 1983 (*Monell*)

174.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

175.   Denied because the allegation as written is untrue.

176.   Denied because the allegation as written is untrue.

177.   Denied because the allegation as written is untrue.

178.   Denied because the allegation as written is untrue.

179.   Denied because the allegation as written is untrue.

180.   Denied because the allegation as written is untrue.

181.   Denied because the allegation as written is untrue.

182.   Denied because the allegation as written is untrue.

183.   Denied because the allegation as written is untrue.

184.   The allegation contained in paragraph 184 is a legal conclusion for which an answer is not required.  To the extent that paragraph 184 could be

construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

185.   The allegation contained in paragraph 185 is a legal conclusion for which an answer is not required.  To the extent that paragraph 185 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

186.   The allegation contained in paragraph 186 is a legal conclusion for which an answer is not required.  To the extent that paragraph 186 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

### **COUNT V – Malicious Prosecution – 42 U.S.C. § 1983 (*Monell*)**

187.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

188.   Denied because the allegation as written is untrue.

189.   Denied because the allegation as written is untrue.

190.   Denied because the allegation as written is untrue.

191.   Denied because the allegation as written is untrue.

192.   Denied because the allegation as written is untrue.

193.   Denied because the allegation as written is untrue.

194.   Defendant Troy admits that the Oakland County Prosecutor moved to dismiss the case against Plaintiff.

195.   Denied because it is untrue.

196.   Denied because it is untrue.

197.   Denied because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT VI – Violation of Substantive Due Process – State Created Danger 42 U.S.C. § 1983 *(Fourteenth Amendment)*

198.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

199.   The allegation contained in paragraph 199 is a legal conclusion for which an answer is not required.  To the extent that paragraph 199 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

200.   The allegations contained in paragraph 200 including each of its subparts (a-f) do not pertain to Defendant Troy, therefore no answer is required.  To

the extent that the allegations could be construed against Defendant Troy, they are denied because they are untrue.

201.   Denied because these allegations are untrue.

202.   Denied because these allegations are untrue.

203.   The allegations contained in paragraph 203 do not pertain to Defendant Troy, therefore no answer is required.  To the extent that the allegations could be construed against Defendant Troy, they are denied because they are untrue.

204.   The allegations contained in paragraph 204 do not pertain to Defendant Troy, therefore no answer is required.  To the extent that the allegations could be construed against Defendant Troy, they are denied because they are untrue.

205.   The allegation contained in paragraph 205 is a legal conclusion for which an answer is not required.  To the extent that paragraph 205 could be construed as a factual allegation, the allegation does not pertain to Defendant Troy, therefore an answer is not required.

206.   Denied because the allegations are untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT VII – Malicious Prosecution – State Law

207.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

208.   Denied because the allegations are untrue.

209.   Denied because the allegation is untrue.

210.   Denied because the allegations are untrue.

211.   Denied because the allegations are untrue.

212.   Defendant Troy neither admits nor denies the allegation contained in paragraph 212 because it lacks sufficient knowledge upon which to form a belief as to the truth of the matter as asserted and characterized by Plaintiff and therefore leaves Plaintiff to his proofs.

213.   Defendant Troy neither admits nor denies the allegation contained in paragraph 213 because it lacks sufficient knowledge upon which to form a belief as to the truth of the matter as asserted and characterized by Plaintiff and therefore leaves Plaintiff to his proofs.

214.   Denied because the allegation is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT VIII – Negligence – State Law (Common Law and MCL 500.3135)

215.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

216.   The allegation contained in paragraph 216 is a legal conclusion for which an answer is not required.  To the extent that paragraph 216 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

217.   The allegation contained in paragraph 217 is a legal conclusion for which an answer is not required.  To the extent that paragraph 217 could be construed as a factual allegation, Defendant Troy denies the allegation because it is untrue.

218.   The allegations contained in paragraph 218 do not pertain to Defendant Troy, therefore an answer is not required.  To the extent that paragraph 218 could be construed as factual allegations, Defendant Troy denies the allegations, including each subpart (a-m) because they are untrue.

219.   The allegations contained in paragraph 219 do not pertain to Defendant Troy, therefore an answer is not required.  To the extent that paragraph 219 could be construed as factual allegations, Defendant Troy denies the allegations, including each subpart (a-d) because they are untrue.

220.   The allegation contained in paragraph 220 is a legal conclusion for which an answer is not required.  To the extent that paragraph 220 could be

construed as a factual allegation, it is not directed as to Defendant Troy, therefore no answer is required.  To the extent that paragraph 220 could be construed against Defendant Troy, it is denied because the allegation contained therein is untrue.

221.   Defendant Troy neither admits nor denies the allegation contained in paragraph 221 because it lacks sufficient knowledge upon which to form a belief as to the truth of the matter as asserted and characterized by Plaintiff and therefore leaves Plaintiff to his proofs.

222.   Defendant Troy neither admits nor denies the allegation contained in paragraph 222 because it lacks sufficient knowledge upon which to form a belief as to the truth of the matter as asserted and characterized by Plaintiff and therefore leaves Plaintiff to his proofs.

223.   Defendant Troy neither admits nor denies the allegation contained in paragraph 223 because the way the allegation is framed by Plaintiff, Troy lacks sufficient knowledge upon which to form a belief as to the truth of the matter as asserted and characterized by Plaintiff and therefore leaves Plaintiff to his proofs.

224.     Denied because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT IX – Gross Negligence – State Law

225.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

226.   The allegations contained in paragraph 226 do not pertain to Defendant Troy, therefore an answer is not required.  To the extent that paragraph 226 could be construed as factual allegations, Defendant Troy denies the allegations, including each subpart (a-e) because they are untrue.

227.   The allegation contained in paragraph 227 is a legal conclusion for which an answer is not required.

228.   The allegation contained in paragraph 228 is a legal conclusion for which an answer is not required.  To the extent that the allegations contained in paragraph 228 could be construed as factual allegations against Defendant Troy, they are denied because they are untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

## COUNT X – Negligent Entrustment and Owner's Liability Pursuant to State Law (MCL 257.401 et seq)

229.   Defendant Troy incorporates by reference each and every answer set forth above as though fully set forth below.

230.   Admitted.

231.   Denied because it is untrue.

232.   Defendant City of Troy admits that Defendant Leithauser was permitted to operate a patrol vehicle for the City of Troy.  To the extent that the allegations contained in paragraph 232 assert or suggest that it was negligent to entrust Leithauser with the use of a patrol vehicle, that allegation is denied because it is untrue.

233.   Denied because it is untrue.

234.   The allegation contained in paragraph 234 is a legal conclusion for which an answer is not required.  To the extent that the paragraph contains a factual allegation, Defendant Troy denies it because it is untrue.

235.   The allegation contained in paragraph 235 is a legal conclusion for which an answer is not required.  To the extent that the paragraph contains a factual allegation, Defendant Troy denies it because it is untrue.

236.   Admitted.

237.   The allegation contained in paragraph 237 is a legal conclusion for which an answer is not required.  To the extent that the paragraph contains a factual allegation, Defendant Troy denies it because it is untrue.

238.   Denied because it is untrue.

WHEREFORE, Defendant City of Troy respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with costs and attorney fees so wrongfully incurred by the necessity of defense.

<div align="right">

BY:    s/Julie Quinlan Dufrane
Julie Quinlan Dufrane (P590000)
Assistant City Attorney
Attorneys for Defendant
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov

</div>

Dated: November 14, 2025

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS SZCZESNY,**

                       **Plaintiff,**

v.

**CITY OF TROY**, a municipal corporation,
     et al.,

                       **Defendants.**

Case No: 2:25-cv-12836
Hon. Gershwin Drain
Magistrate Judge Stafford

/

| | |
|---|---|
| **LAW OFFICES OF JASON A. WAECHTER**<br>AARON R. MARTINEZ (P86228)<br>JASON A. WAECHTER (P47651)<br>Attorneys for Plaintiff<br>19080 W Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-4701<br>aaron@877powerlaw.com;<br>jason@877powerlaw.com | LORI GRIGG BLUHM (P46908)<br>JULIE QUINLAN DUFRANE (P59000)<br>Attorneys for Defendant City of Troy<br>500 W. Big Beaver Road<br>Troy, MI 48084<br>(248) 524-3320<br>j.dufrane@troymi.gov;<br>BluhmLG@troymi.gov |

ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER PC
Margaret T. Debler (P43905)
Amanda P. Waske (P81128)
Attorneys for the Individual Troy Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

/

# **AFFIRMATIVE DEFENSES**

NOW COME, the Defendant CITY OF TROY by and through their attorneys, TROY CITY ATTORNEY'S OFFICE, and for its Affirmative Defenses state as follows:

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Troy cannot be liable based upon a theory of respondeat superior

3.      The Plaintiff's claims are barred by the doctrine of governmental immunity.

4.      Probable cause existed to arrest, charge, and prosecute Plaintiff criminally.

5.      Plaintiff's claims under 42 USC § 1983 are barred because any injury suffered by Plaintiff's decedent was not the result of a custom, policy or practice of the City of Troy.

6.      Plaintiff's claims are barred for the reason that any alleged injury or damage was the result of Plaintiff's decedent's own intentional or unlawful conduct.

7.      Any injuries suffered by Plaintiff were due to and caused by his own failure to use due care and caution under the circumstances.

8.     Plaintiff's violation of the Michigan Motor Vehicle Code or other laws of the State of Michigan was the cause of the alleged accident.

9.     Plaintiff's claims are barred by his PIP coverage as set forth in Michigan law.

10.     Plaintiff's claim for medical expenses, replacement services, work loss, and other reasonable expenses are barred by his Michigan No-Fault Insurance policy issued under Michigan law.

11.     Plaintiff's injuries, if any, are due to the acts or omissions of persons or entities other than Defendant City of Troy.

12.     Plaintiff's claim fails for lack of legal proximate cause.

13.     Plaintiff's claim fails for lack of factual (cause in fact) proximate cause.

14.     Plaintiff has not suffered a serious impairment of bodily function and/or serious permanent disfigurement under Michigan law.

15.     Plaintiff was comparatively negligent. If an award is made in this case, it should be reduced by Plaintiff's comparative negligence.

16.    Plaintiff was more than fifty percent (50%) comparatively negligent in causing the accident complaint of and is barred from receiving any economic recovery.

17. Plaintiff's own actions were more than fifty percent (50%) of the fault under the circumstances, therefore, he is not entitled to damages

18.    Some or all of the allegations are barred by the applicable statute of limitations.

19.    Plaintiff has failed to mitigate his damages.

20.    The City of Troy specifically incorporates herein by reference each and every affirmative defense pled by any Co-Defendant in this cause of action.

21.    The City of Troy reserves the right to amend these Affirmative Defenses and rely upon additional affirmative defenses which may become known during the course of discovery, trial and/or otherwise.

<div style="margin-left:40%">

CITY OF TROY – CITY ATTORNEY'S OFFICE
LORI GRIGG BLUHM (P46908)

BY:    s/ Julie Quinlan Dufrane
       JULIE QUINLAN DUFRANE (P59000)
       Assistant City Attorney
       Attorney for Defendant City of Troy
       500 W. Big Beaver Road
       Troy, MI 48084
       (248) 524-3320
       J.Dufrane@troymi.gov

</div>

Dated: November 14, 2025

<div style="text-align:center">4</div>

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS SZCZESNY,**

**Plaintiff,**

v.

**CITY OF TROY**, a municipal corporation,
et al.,

**Defendants**.

_____/

Case No: 2:25-cv-12836
Hon. Gershwin Drain
Magistrate Judge Stafford

**LAW OFFICES OF JASON A. WAECHTER**
AARON R. MARTINEZ (P86228)
JASON A. WAECHTER (P47651)
Attorneys for Plaintiff
19080 W Ten Mile Road
Southfield, MI 48075
(248) 355-4701
aaron@877powerlaw.com;
jason@877powerlaw.com

LORI GRIGG BLUHM (P46908)
JULIE QUINLAN DUFRANE (P59000)
Attorneys for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
j.dufrane@troymi.gov;
BluhmLG@troymi.gov

ROSATI SCHULTZ JOPPICH &
AMTSBUECHLER PC
Margaret T. Debler (P43905)
Amanda P. Waske (P81128)
Attorneys for the Individual Troy Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____/

## RELIANCE ON PLAINTIFF'S DEMAND FOR TRIAL BY JURY

1

Defendant City of Troy, by and through its attorney, Julie Quinlan Dufrane,

Assistant City Attorney, relies upon Plaintiff's demand for a trial by jury in this cause

of action.

BY:   <u>s/Julie Quinlan Dufrane</u>
Julie Quinlan Dufrane (P590000)
Assistant City Attorney
Attorneys for Defendant
500 W. Big Beaver Rd.
Troy, MI 48084
(248) 524-3320
<u>j.dufrane@troymi.gov</u>

## <u>Certificate of Service</u>

I hereby certify that on November 14, 2025, I electronically filed

Defendant City of Troy's Answer to Complaint, Reliance on Jury Demand, and

Affirmative Defenses on behalf of Defendant City of Troy using the ECF system

which will send notification of such filing to all parties of record using the ECF

system.

<u>s/Julie Quinlan Dufrane (P59000)</u>
City of Troy – City Attorney's Office
Attorney for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
Dated: November 14, 2025   <u>j.dufrane@troymi.gov</u>