UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

              Plaintiff,

-vs-

CITY OF TROY, a municipal corporation;
EVAN LEITHAUSER, in his personal and
professional capacities; SCOTT ALLAN, in
his personal and professional capacities;
ALEJANDRO PARRA, in his personal and
professional capacities; GAIL PARRA, in
her personal and professional capacities; and
BRIAN WARZECHA, in his personal and
professional capacities,

              Defendants.

_____/

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

LAW OFFICES OF JASON A.
WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI  48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI  48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler  (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____ /

## **DEFENDANTS EVAN LEITHAUSER, SCOTT ALLAN, ALEJANDRO PARRA, GAIL PARRA, AND BRAIN WARZECHA'S MOTION FOR PROTECTIVE ORDER**

NOW COME Defendants, EVAN LEITHAUSER, SCOTT ALLAN, ALEJANDRO PARRA, GAIL PARRA, AND BRAIN WARZECHA, by and through their counsel, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., and for their Motion for Protective Order that Discovery be Limited and/or Not be had as to Irrelevant and Immaterial Material, states the following:

1.      Plaintiff's lawsuit against these individual Defendants was filed on September 8, 2025, and alleges, against these Defendants, claims of unlawful seizure, excessive force, obtaining an unlawful search warrant, malicious prosecution, violation of substantive due process rights, and state law claims of negligence and gross negligence. See ECF No. 1, PageID. 1-26.

2.     Plaintiff's claims against these Defendants arise out of a September 22, 2023, collision that occurred when Plaintiff, who was operating a motorcycle while under the influence of cocaine and amphetamines, made a left-turn in front of Officer Leithauser's police vehicle.

3.     Given their current employment as law enforcement officials, these Defendants are entitled to qualified immunity from this lawsuit, as well as governmental immunity from Plaintiff's state law claims. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982); M.C.L. 691.1407(2).

4.     Regardless, these Defendants have engaged in extensive written discovery in good faith, and their depositions are currently scheduled to occur.

5.     Plaintiff served these Defendants with multiple, extensive, overly broad and over-reaching discovery requests which these Defendants, subject to relevant and timely objections, did their best to answer completely and to the best of their knowledge. See **Exhibit A**, Plaintiff's First Set of Discovery Requests to Defendants; **Exhibit B**, Plaintiff's Second Set of Discovery Requests to Defendants.

6.     In his Second Set of Discovery Requests to these Defendants, Plaintiff now seeks to forensically examine each individual Defendant's personal device using Cellebrite technology. See **Ex B**, RFP No. 9.

7.     These Defendants have objected to this Request on multiple grounds, including Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 26(b)(2)(B).

1

8.      Further, this request is overly broad, unduly burdensome in both time and cost, not relevant to any party's claims or defenses, and not proportional to the needs of the case.

9.      This Request is also objectionable as it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines, as these Defendants have used their personal cell phones, at times, to communicate with their counsel regarding this litigation, and thus, such information is not discoverable.

10.     Moreover, this Request improperly seeks to invade these Defendants' constitutionally protected privacy interests in their personal devices. *Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 189 L.Ed.2d 430 (2014).

11.     This Request improperly seeks the disclosures of active-duty law enforcement officer's personal information, which creates a substantial risk of bodily harm and implicates protected privacy interests under the Fourteenth Amendment. *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998).

12. As law enforcement officials who regularly have contact with members of the public, and on occasion communications with confidential informants who provide relevant and material evidence in aid of homicide and narcotics investigations, public disclosure of the information sought in discovery is not only an unwarranted invasion of these Defendants' privacy, but also their safety, and the safety of their families.

13. The United States Court of Appeals for the Sixth Circuit has been clear that the forensic imaging of personal devices, "if at all appropriate, should be employed in a very limited set of circumstances." *John B. v. Goetz*, 531 F.3d 448 (6th Cir. 2008).

14. Here, Plaintiff has not provided compelling or substantial justification, aside from mere speculation, to invade these Defendants' constitutionally protected privacy interests in their personal devices, particularly where responsive documentation has already been produced, less invasive alternatives to obtain the information sought exists but have not been utilized, and Plaintiff has failed to make a particularized showing that these Defendants' personal devices contain relevant evidence not otherwise obtainable. *Serrano v. Cintas Corp*, 699 F.3d 884 (6th Cir. 2012); *In re Ohio Execution Protocol Litig.,* 845 F.3d 231 (6th Cir. 2016).

15.     These Defendants seek a Protective Order under Fed. R. Civ. P. 26(c)(1)(A), as discussed herein, precluding Plaintiff from conducting a forensic evaluation of their personal devices.

16.     Defendants further seek an Order awarding these Defendants their costs and attorney's fees incurred by the necessity of the instant Motion under Fed. R. Civ. P. 37(a)(5). See Fed. R. Civ. P. 26(c)(3).

17.     The undersigned sought concurrence from Plaintiff's counsel during a telephonic meet and confer conference on July 16, 2026, explaining the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, on the basis of the foregoing Motion and the accompanying Brief in Support, Defendants Leithauser, Allan, Parra, Parra, and Warzecha respectfully request this Court grant the instant Motion and enter a Protective Order as outlined herein, and for any other relief this Court deems equitable and just, including an award of costs and attorney's fees incurred wrongfully, but necessarily, incurred in the bringing of this Motion.

4

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


/s/Amanda P. Waske
Attorneys for Defendants Leithauser,
 Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
awaske@rsjalaw.com
(P81128)

DATED: July 31, 2026

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

               Plaintiff,

-vs-

CITY OF TROY, a municipal corporation;
EVAN LEITHAUSER, in his personal and
professional capacities; SCOTT ALLAN, in
his personal and professional capacities;
ALEJANDRO PARRA, in his personal and
professional capacities; GAIL PARRA, in
her personal and professional capacities; and
BRIAN WARZECHA, in his personal and
professional capacities,

               Defendants.

                                       /

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

**<u>BRIEF IN SUPPORT OF DEFENDANTS EVAN LEITHAUSER, SCOTT
ALLAN, ALEJANDRO PARRA, GAIL PARRA,
AND BRAIN WARZECHA'S MOTION FOR PROTECTIVE ORDER</u>**

# **TABLE OF CONTENTS**

ISSUES PRESENTED ........................................................................................ ii

INDEX OF AUTHORITIES .............................................................................. iii

STATEMENT OF POSITION .............................................................................1

RELEVANT FACTUAL BACKGROUND ...........................................................2

STANDARD OF REVIEW AND LEGAL ARGUMENT .......................................3

      I.     OFFICER DEFENDANTS ARE ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FRCP 26(C)(1) .................3

CONCLUSION AND RELIEF REQEUSTED .......................................................9

CERTIFICATE OF SERVICE .............................................................................9

i

# ISSUES PRESENTED

I.      **WHETHER DEFENDANTS LEITHAUSER, ALLAN, PARRA, PARRA, AND WARZECHA ARE ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FRCP 26(C)(1)?**

            **Plaintiff says, No.**
            **Defendants say, Yes.**

# INDEX OF AUTHORITIES

## Cases

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc*., 244 F.3d 189, 193 (1st Cir. 2001) ...................................................................................................................8

*In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016).................4

*In re Ohio Execution Protocol Litig.*, 845 F.3d at 236-237, quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)...................................................................................................4

*In re Ohio Execution Protocol Litig.*, 845 F.3d at 236-237, quoting *Serrano*, 699 F.3d at 902. ..........................................................................................................4

*John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008).............................................7, 8

*Kallstrom v City of Columbus*, 136 F.3d 1055 (6th Cir. 1998) ................................6

*McCurdy Group, LLC v. Am.. Biomedical Group, Inc*., 9 Fed.Appx. 822, 831 (10th Cir. 2001) ............................................................................................................7

*Riley v California,* 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). .........6

*Seattle Times Seattle Times Co. v. Rhinehart¸*467 U.S. 20, 30-34 (1984) ...............4

*Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012)................................4, 8

## Rules

Fed. R. Civ. P. 26(b)(1)..............................................................................................4
Fed. R. Civ. P. 26(b)(2)(B) ........................................................................................4
Fed. R. Civ. P. 26(c)(1)...........................................................................................3, 7
Fed. R. Civ. P. 26(c)(1)(A) .....................................................................................3, 4
Rule 26(c).....................................................................................................................4

## STATEMENT OF POSITION

As discussed herein, Defendants seek the entry of a Protective Order precluding Plaintiff from conducting a forensic download and examination of the Officer Defendants' personal devices and associated iCloud data. In sum, Plaintiff's Request for a forensic evaluation of these devices is nothing more than a baseless fishing expedition, designed to harass and intimidate these Defendants, and constitutes an abuse of the discovery process. This is particularly true where all responsive communications from these Defendants' personal devices have already been produced, in full, without limitation or redaction, and where there is absolutely no evidence that additional relevant and responsive communications exist or have been otherwise destroyed.

Moreover, this request seeks to violate these Defendants' constitutionally protected right to privacy in their personal devices, and given these Defendants' status as active duty law enforcement officers, seeks to place their personal safety and the safety of their families in jeopardy in violation of their Fourteenth Amendment Rights. The request is otherwise overly broad, unduly burdensome, not proportional to any party's claims or defense, and will not yield relevant any additional relevant information beyond what has already been produced to Plaintiff on a voluntary basis.

1

## RELEVANT FACTUAL BACKGROUND

Plaintiff, Thomas Szczesny, initiated this lawsuit against the City of Troy and five individual Officers, following a September 22, 2023, accident in which Plaintiff, who was operating a motorcycle under the influence of cocaine and amphetamines, turned left in front of on-coming traffic and was struck by Defendant Officer Evan Leithauser who was operating a police vehicle. See ECF No. 1, PageID. 1-26. In addition to Officer Leithauser, Plaintiff has named Sgt. Brian Warzecha, Officer Gail Parra, Officer Scott Allan, and Officer Alejandro Parra as Defendants in this litigation. *Id*. Against the Officer Defendants, Plaintiff has alleged various violations of 42 U.S.C. § 1983, including allegations of violations of Plaintiff's Fourth Amendment rights and malicious prosecution, as well as a state law claim of gross negligence.

To date, Plaintiff has served these Defendants with two extensive sets of discovery requests, which the Officer Defendants have timely answered and produced relevant documents in response to. **Exhibit A**, Plaintiff's First Set of Discovery Requests to Defendants; **Exhibit B**, Plaintiff's Second Set of Discovery Requests to Defendants. However, despite these Defendants' cooperation, and without any legitimate  explanation in support, Plaintiff is now requesting to forensically examine these Defendants' personal devices and all associated data. See **Ex B**, RFP No. 9. Defendants have timely and legitimately objected to this Request,

2

and now seek the entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(A)

precluding Plaintiff from forensically evaluating these Defendants' personal devices

for the reasons explained herein.

## STANDARD OF REVIEW AND LEGAL ARGUMENT

**I.  OFFICER DEFENDANTS ARE ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FRCP 26(C)(1)**

In response to Plaintiff's RTP No. 9, these Defendants seek the entry of a

Protective Order under Fed. R. Civ. P. 26(c)(1) prohibiting Plaintiff from conducting

a forensic evaluation of all five Defendant Officers' personal devices.  Fed. R. Civ.

P. 26(c)(1) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (a) forbidding the disclosure or discovery;
> (b) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (c) prescribing a discovery method other than the one selected by the party seeking discovery;
> (d) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (e) designating the persons who may be present while the discovery is conducted;
> (f) requiring that a deposition be sealed and opened only on court order;
> (g) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (h) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

3

As the United States Supreme Court has held, "it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)," in order to regulate the use and disclosure of information that "if publicly released could be damaging to reputation and privacy." *Seattle Times Seattle Times Co. v. Rhinehart¸*467 U.S. 20, 30-34 (1984).

To sustain a protective order, the moving party must show "good cause" for protection from at least one of the harms identified in Rule 26(c)(1)(A), quoted *supra*, "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016), citing *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236-237, quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011). "A court must balance the 'right to discovery with the need to prevent 'fishing expeditions'.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236-237, quoting *Serrano*, 699 F.3d at 902.

A protective order is warranted in this case where Plaintiff's RTP No. 9 directed at the Officer Defendants violates Fed. R. Civ. P. 26(b)(1), Fed. R. Civ. P. 26(b)(2)(B), is overly broad, unduly burdensome in both time and cost, not relevant to any party's claims or defenses, not proportional to the needs of the case, and

4

threatens to invade the Attorney-Client privilege and the Attorney Work Product doctrines.

As an initial matter, it is imperative for the Court to understand how onerous, invasive, and expensive a forensic evaluation of one personal device will be, let alone five. Moving forward with a forensic evaluation of these Officers' personal devices will necessitate the retention of additional defense expert witnesses whose involvement in this case is otherwise unnecessary. Retention of these experts will be necessary not only to aid Defendants in interpreting and verifying the accuracy of the data extracted, but also in protecting these Defendants' personal information. Upon information and belief, the cost of the retention of these experts will exceed $25,000.00 and require at least a $5,000.00 deposit *per personal device* to be imaged. Moreover, each Officer will be required to relinquish their personal devices for, at a minimum, *five to eight hours*, while their entire personal device and associated iCloud data is forensically downloaded onto a third-party device. Only after all data contained on the personal device and in the cloud is downloaded onto a third-party device are the "parameters" set forth in RTP No. 9 *applied* to the data. Put simply, while Plaintiff may set forth specific search terms and parameters used to filter through the data collected, inevitably, these Officers' unfiltered personal data will be subject to retention and review by third parties, including Plaintiff's counsel and possibly Plaintiff himself. This type of invasion into these Defendant's

5

constitutionally protected right to privacy in their personal devices is completely unwarranted in this case. Particularly where relevant text message and email correspondence has already been produced to Plaintiff, this request is harassment and constitutes an abuse of the discovery process.

Indeed, the United States Supreme Court has held that individuals have constitutionally protected privacy interests in their personal devices, included cell phones. See *Riley v California,* 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). These privacy interests do not disappear simply because Plaintiff has named these Officers in a lawsuit. Moreover, these Defendants are current, active-duty law enforcement officials. The disclosure of their personal information, including the personal data contained within their personal devices, creates a substantial risk of bodily harm, which implicates protected privacy interests under the Fourteenth Amendment to the United States Constitution. *Kallstrom v City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). This is particularly an issue in this case, where one of the Officer Defendants is in regular contact with confidential informants that provide crucial and credible information relevant to various homicide and narcotics investigations. This Officer is available for the Court to conduct an in-camera interview regarding their involvement in these ongoing investigations, and how they utilize their personal device to communicate with informants. As it relates to all defendant Officers in this case, the data at issue will almost certainly contain

6

confidential or private personal information that is wholly unrelated to the litigation, and the mere fact that a third-party, and potentially Plaintiff himself, has unfettered access to that information constitutes annoyance, embarrassment, oppression, undue burden and expense that is unnecessary in this case, and is the kind of harm Fed. R. Civ. P. 26(c)(1) is designed to prevent. That is particularly true where the Officers in this case have complied with all of Plaintiff's discovery requests and have voluntarily produced text message correspondence related to the issues raised in this lawsuit, taken from their personal cell phones, without any editing, redactions, or otherwise. Plaintiff, however, is not satisfied, and simply wants more.

The Sixth Circuit has made clear that forensic imaging of personal devices, "if at all appropriate, should be employed in a very limited set of circumstances." See *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) ("…because all litigants are obligated to preserve relevant information in their possession, preservation orders generally must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion."). Moreover, "mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures." *Id*., citing *McCurdy Group, LLC v. Am.. Biomedical Group, Inc*., 9 Fed.Appx. 822, 831 (10th Cir. 2001). The Sixth Circuit has made clear that "forensic imaging must be

premised on an interest significant enough to override" the risk of violating these Defendants' constitutionally protected privacy interests. *John B*., 531 F.3d at 459.

Here, Plaintiff has not provided compelling or substantial justification, aside from mere speculation, to invade these Officers' constitutionally protected privacy interests in their personal devices. Indeed, RFP No. 9 amounts to nothing more than a fishing expedition in hopes of finding some smoking gun that simply does not exist. The Sixth Circuit has been clear that it has "never sanctioned blind-faith efforts to unearth the supposition of wrongdoing. See *Serrano*, 699 F.3d at 901; *Ameristar Jet Charter, Inc. v. Signal Composites, Inc*., 244 F.3d 189, 193 (1st Cir. 2001)('We will not allow Signal to go on a 'fishing expedition,' with the mere 'hope' that it will obtain such information.')." That is exactly what Plaintiff seeks to do here.

Further, Plaintiff cannot demonstrate that it has exhausted all less-intrusive measures in order to obtain the information it seeks. Putting aside the fact that all responsive communications have been ***voluntarily produced*** without redactions, Plaintiff has not identified a single relevant communication that has been withheld, destroyed, altered, or redacted. Plaintiff has not issued subpoenas to cellphone carriers or social media platforms. Plaintiff has not elicited any deposition testimony that suggests additional relevant communications exist on their personal devices or in the cloud. Plaintiff's RFP No. 9 is nothing more than an abusive, overbroad, and wholly unnecessary discovery tactic intended to harass and embarrass these

8

Defendant Officers who have been nothing but compliant and transparent throughout the discovery process.

## CONCLUSION AND RELIEF REQEUSTED

On the basis of the foregoing Motion and Brief in Support, Defendants Leithauser, Allan, Parra, Parra, and Warzecha respectfully request this Court grant the instant Motion and enter a Protective Order as outlined herein, and for any other relief this Court deems equitable and just, including an award of costs and attorney's fees incurred wrongfully, but necessarily, incurred in the bringing of this Motion.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

/s/Amanda P. Waske
Attorneys for Defendants Leithauser,
 Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
awaske@rsjalaw.com
(P81128)

DATED: July 31, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to all counsel of record.

/s/ Julie Doll

9