UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

Plaintiff,

-vs-

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

CITY OF TROY, a municipal corporation; EVAN LEITHAUSER, in his personal and professional capacities; SCOTT ALLAN, in his personal and professional capacities; ALEJANDRO PARRA, in his personal and professional capacities; GAIL PARRA, in her personal and professional capacities; and BRIAN WARZECHA, in his personal and professional capacities,

Defendants.
_____________________________________ /

LAW OFFICES OF JASON A. WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_________________________________ /

**DEFENDANTS' WARZECHA, LEITHAUSER, ALLAN, PARRA, AND PARRA'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE NONPARTY DEPOSITIONS PRIOR TO EXPERT DEADLINE [ECF NO. 41]**

NOW COME Defendants, BRIAN WARZECHA, EVAN LEITHAUSER, SCOTT ALLAN, GAIL PARRA and ALEJANDRO PARRA, by and through their counsel, ROSATI SCHULTZ JOPPICH & AMTSBUECHLER, PC, and files this Response in Opposition to Plaintiff's Motion for Leave to take Non-Party Depositions Prior to Expert Deadline [ECF No. 41]. In support of this opposing response, Defendants rely on the arguments fully set forth in the accompanying Brief in Support and respectfully request this Court DENY Plaintiff's Motion, and grant any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Amanda P. Waske
Amanda P. Waske (P81128)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
awaske@rsjalaw.com

Dated: August 27, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS SZCZESNY,

Plaintiff,

-vs-

CITY OF TROY, a municipal corporation; EVAN LEITHAUSER, in his personal and professional capacities; SCOTT ALLAN, in his personal and professional capacities; ALEJANDRO PARRA, in his personal and professional capacities; GAIL PARRA, in her personal and professional capacities; and BRIAN WARZECHA, in his personal and professional capacities,

Defendants.
_____________________________________ /

CA: 25-12836

HON: GERSHWIN A. DRAIN
MAG. ELIZABETH A. STAFFORD

LAW OFFICES OF JASON A. WAECHTER
Aaron R. Martinez (P86228)
Jason A. Waechter (P47651)
Attorneys for Plaintiff
19080 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-4701
aaron@877powerlaw.com
jason@877powerlaw.com

Lori Grigg Bluhm (P46908)
Julie Quinlan Dufrane (P59000)
Attorneys for City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
bluhmlg@troymi.gov
j.dufrane@troymi.gov

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
Margaret T. Debler (P43905)
Amanda P. Waske (P81128)
Attorneys for Defendants Leithauser,
Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com
awaske@rsjalaw.com

_____________________________________ /

**BRIEF IN SUPPORT OF DEFENDANTS' WARZECHA, LEITHAUSER, ALLAN, PARRA, AND PARRA'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE NONPARTY DEPOSITIONS PRIOR TO EXPERT DEADLINE [ECF NO. 41]**

# TABLE OF CONTENTS

CASE BACKGROUND .......... 1

RELEVANT FACTS .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 2

CONCLUSION .......... 6

CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.3 .......... 7

CERTIFICATE OF SERVICE .......... 7

## CASE BACKGROUND

Plaintiff, Thomas Szczesny, initiated this lawsuit against the City of Troy and five individual Officers, following a September 22, 2023, accident in which Plaintiff, who was operating a motorcycle under the influence of cocaine and amphetamines, turned left in front of on-coming traffic and was then struck by Defendant Officer Evan Leithauser who was operating a police vehicle. See ECF No. 1, PageID. 1-26. In addition to Officer Leithauser, Plaintiff has named the City of Troy, as well as Sgt. Brian Warzecha, Officer Gail Parra, Officer Scott Allan, and Officer Alejandro Parra as Defendants in this litigation. *Id*. Plaintiff has alleged various violations of 42 U.S.C. § 1983, including allegations of violations of Plaintiff's Fourth Amendment rights, a *Monell* claim based on theories of failure to train and failure to supervise, and malicious prosecution, as well as various state law claims.

## RELEVANT FACTS

Pursuant to this Court's Order Granting Joint Motion to Amend Scheduling Order [ECF NO. 25] and Amending Scheduling Order (See ECF No. 26), fact discovery in this case closed on August 12, 2026. During the course of fact discovery, Plaintiff served lengthy Requests to Admit, and multiple sets of Interrogatories and Requests for Production on Defendants. Plaintiff also deposed all five individual Defendants and a corporate representative of the Troy Police Department. To non-parties, Plaintiff set ten third-party subpoenas and has taken

two additional deposition. However, Plaintiff himself continues to refuse to sit for his own deposition, which is the subject of a pending Motion before this Court. See Defendants' Joint Motion to Compel and Show Cause and/or to Stay, ECF No. 36, PageID. 493-511.

Now, in this untimely Motion, Plaintiff seeks to take an additional two non-party depositions outside the period allowed for fact discovery, without meaningfully attempting to meet and confer with these Defendants prior to the filing of this Motion and before Plaintiff himself will allow his own deposition to occur.

## LEGAL STANDARD

These Defendants concur in Plaintiff's recitation of the relevant legal standard applicable to the issues raised in the present Motion. See Plaintiff's Motion, ECF No. 41, PageID. 802-803. However, these Defendants do not agree that the applicable legal standards outlined weigh in favor of granting Plaintiff's Motion.

## ARGUMENT

As an initial matter, Plaintiff's Motion should be denied on procedural grounds alone. Plaintiff requested these additional depositions in an email dated July 21, 2026. See Email Correspondence, ECF No. 36-4, PageID. 634-635. Shortly after that email was sent, the Defendants made their position known to Plaintiff that at that time, based on what was already known through discovery and the fact that there were additional depositions that may provide relevant information that had yet to

occur, the scheduling of additional depositions was unnecessary at that time. However, Plaintiff failed to meaningfully meet and confer and explain why he believes these depositions are necessary, and likewise did not file a Motion to obtain these depositions until after the close of fact discovery.

Additionally, Defendants question the veracity of Plaintiff's representation that it did not know that the identity of the individuals to be deposed until the 11th hour. For example, Plaintiff himself could have provided the names of the prosecutors involved in his criminal prosecution, or Plaintiff's counsel could have obtained that information from Plaintiff's criminal defense attorney, who continues to represent Plaintiff. Additionally, Plaintiff has had possession of the criminal prosecution file for quite some time, and should have been able to discern that two different prosecuting attorneys are listed on those pleadings prior to the deposition of Sgt. Bryan Eftink. Even if Plaintiff sought to confirm that information from Sgt. Eftink, a deposition subpoena to the Oakland County Prosecutor's Office prior to the close of fact discovery would have resolved any confusion.

Plaintiff also represents in his Motion that documents have been withheld from the Oakland County Prosecutor's Office, but fails to identify exactly what documents he believes were withheld. Further, Plaintiff never filed a Motion to Compel or a Motion to Show Cause to have this Court address the Prosecutor's Officer's claimed work product and deliberative process privileges. Rather, he filed

this untimely Motion seeking to depose two additional non-party witnesses outside of the fact discovery period in an attempt to have these prosecutors testify to their internal decision making processes regarding why the warrant issued for Plaintiff was initially approved but the case was later dismissed. Plaintiff seeks to obtain this testimony in spite of the Prosecutor's Officer's refusal to provide "internal notes and emails on attorney client and work product grounds." See ECF No. 41, PageID. 796-797. Indeed, Plaintiff's attempt to depose these witnesses is nothing more than a thinly veiled attempt to intimate that one or more officers named in this lawsuit communicated with prosecutors and influenced the Oakland County Prosecutor's Office's decision to bring charges against Plaintiff and later discontinue that prosecution. However, Plaintiff has already had the opportunity to test this theory in several other depositions.[1] All witnesses were unequivocal: no such activity occurred. Moreover, law enforcement officers ***do not*** making charging decisions. Whether to charge a crime, and what crime(s) to charge are decisions that are at the sole discretion of the prosecutor's office. Contrary to Plaintiff's representation, there is no "material gap" left by Sgt. Eftink's testimony that needs to be filled, and the internal reasoning behind those decisions are protected by  multiple recognized

---

[1] It also bears noting that Plaintiff's representation that there was ultimately no evidence of his impairment is false. See ECF No. 41, PageID. 799. Michigan law provides that evidence of consumption of cocaine is *per se* impairment, and Plaintiff's drug test results clearly show that Plaintiff had used cocaine likely nearly immediately prior to the crash.

privileges, including but not limited to the attorney work product privilege and the deliberative process privilege. See ECF No. 41, PageID. 808.

Regardless, Plaintiff has known since on or about July 21, 2026, that these Defendants did not believe the additional depositions that are the subject of this Motion were relevant or necessary. Even if, as Plaintiff claims, relevant information was first obtained from the deposition of Sgt. Bryan Eftink, which these Defendants contest, that deposition occurred on August 10, 2026 – two days before the close of discovery. Yet Plaintiff waited to file his Motion until ***after*** the close of fact discovery in the early morning hours of August 13, 2026. Where Plaintiff has not established good cause for the delay in the filing of the instant Motion, it should be denied as untimely.

More importantly, while Plaintiff's request for concurrence is lengthy, Plaintiff did not make any attempt to meaningfully meet and confer in person or telephonically regarding the issues raised in this Motion between July 21, 2026, and the time of filing. Given the amount and length of the depositions that have occurred in this case, counsel has spent a great deal of time together in person, meaning that Plaintiff's counsel had many opportunities to raise these issues with Defense counsel but chose not to. This Court has ordered the parties to meaningfully meet and confer on several issues, including this Motion, and Defendants intend to comply with that directive. See Order to Meet and Confer, ECF No. 46, PageID. 877-882. However,

should the issues raised in this Motion not be resolved as part of that process, Defendants maintain that Plaintiff's failure to meaningfully meet and confer regarding his request to take these additional depositions prior to the filing of this Motion provides a basis for this Court to deny the instant Motion.

Defendants do anticipate that many of the issues presented by Plaintiff's Motion can be resolved through the pending meet and confer ordered by this Court. However, should this Motion not resolve through that process, these Defendants reserve the right to file a supplemental response addressing the merits of Plaintiff's request.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court DENY Plaintiff's Motion in its entirety, and grant Defendants any other relief deemed appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Amanda P. Waske
Amanda P. Waske (P81128)
Attorney for Defendants
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
awaske@rsjalaw.com

Dated: August 27, 2026

## CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.3

I hereby certify that this Brief was created using Microsoft Word Version 10, and the Brief contains 1,328 words in the text and footnotes, exclusive of the caption, index, signatures, and this certificate.

/s/ *Amanda P. Waske*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026 I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to all counsel of record.

/s/ *Amanda P. Waske*