UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS SZCZESNY,**

Plaintiff,

v.

**CITY OF TROY**, a municipal corporation,

**EVAN LEITHAUSER**, in his personal and professional capacities,

**SCOTT ALLAN** in his personal and professional capacities,

**ALEJANDRO PARRA**, in his personal and professional capacities,

**GAIL PARRA**, in her personal and professional capacities,

and

**BRIAN WARZECHA**, in his personal and professional capacities,

Defendants.

_______________________________/

Case No: 2:25-cv-12836-GAD-EAS
Hon. Gershwin A. Drain
Mag. Judge: Elizabeth A. Stafford

**Law Offices of Jason A. Waechter**
**AARON R. MARTINEZ (P86228)**
**JASON A. WAECHTER (P47651)**
Attorneys for Plaintiff
19080 W. Ten Mile Road
Southfield, MI 48075
(248) 355-4701 / Fax: 248-281-0006
aaron@877powerlaw.com; jason@877powerlaw.com
Paralegal Cris Vivian: cris@877powerlaw.com

**Troy City Attorney's Office**
**LORI GRIGG BLUHM (P46908)**
**JULIE QUINLAN DUFRANE (P59000)**
Attorneys for Defendant City of Troy
500 W. Big Beaver Road
Troy, MI 48084
(248) 524-3320
bluhmlg@troymi.gov; j.dufrane@troymi.gov

**Rosati Schultz Joppich & Amtsbuechler PC**
**MARGARET T. DEBLER (P43905)**
**AMANDA P. WASKE (P81128)**
Attorneys for Defendant Officers
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
mdebler@rsjalaw.com; awaske@rsjalaw.com

_______________________________/

**RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT ALEJANDRO PARRA**

Defendant, **ALEJANDRO PARRA,** by and through his attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, submits the following Responses to Plaintiff's Discovery Requests:

**GENERAL OBJECTIONS AND RESERVATIONS**

1. Defendant prepared his responses to Plaintiff's First Discovery Requests ("Requests") set forth below in accordance with the Federal Rules of Civil Procedure based on information available to it at the time of these responses.

2. Defendant reserves the right to supplement, amend, or correct his responses in the event other or additional responsive information or material is identified.

3. Defendant reserves the right to present at trial all information and documents produced to or by any party to this litigation or which are in the possession of or known by any party, without regard to whether or not such information or documents are identified in a discovery response.

**GENERAL OBJECTIONS**

Defendant incorporates the following general objections into each of his Responses to Plaintiff's Requests, whether or not said objections are restated in each individual response, and each response is expressly subject to all general objections and provided without waiver thereof. Defendant further states that the assertion of any specific objection or repetition of all or any portion of a general objection shall not be construed as a waiver of any other general objection.

4. Defendant objects to each Request to the extent that each is overly broad, vague, and ambiguous, including for the reason that each such Request fails in this regard to seek or identify material or categories of material that are relevant to the subject matter of the above-referenced case or outside the permissible scope of discovery in that it is not proportional to the

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs their likely benefit.

5. Defendant objects to each Request to the extent that no time period is defined for Defendant’s search for documents, and therefore the time period expressed or incorporated therein imposes or seeks to impose upon Defendant unreasonable, extraordinary or unjustified burden and expense.

6. Defendant objects to each Request to the extent that each is redundant or duplicative, in whole or in part, of other requests.

7. Defendant objects to each Request to the extent that each imposes, or seeks to impose, an obligation upon Defendant to create records or reports which do not exist or which it does not create or maintain in the ordinary course of operations, or to reorganize records from the manner in which they are ordinarily created or kept in order to correspond to categorizations by Plaintiff.

8. While Defendant assumes Plaintiff does not request any privileged or confidential documents or information, notwithstanding this assumption, Defendant objects to each Request to the extent it seeks, or attempts to seek, discovery of any document, information, or other material which is subject to the attorney work-product doctrine, attorney-client and/or other statutory common law privileges, including, without limitation, for the reason that such documents, information or other materials are beyond the scope of permissible discovery.

9. Whenever a Request seeks production of a list of every or all facts or documents regarding a topic, Defendant has responded with the information presently in his knowledge or possession, but the responses may not include every or all documents, information or facts regarding a topic for the reason that such requests are unduly burdensome, overbroad,

oppressive, unreasonable, and are not calculated to lead to relevant information.

10. Any response in which Defendant agrees to produce documents may not be construed as an acknowledgment or admission that Defendant has or is in possession of any documents responsive to the particular Request. Rather, Defendant merely agree to produce such documents, if any, in their possession, custody or control.

**ALEJANDRO PARRA'S ANSWERS TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

## Incident Involvement & Scene Conduct

**RFA AP-1:** Admit that You responded to the scene of the collision on September 22, 2023.

**RESPONSE:** ***Admit***

**RFA AP-2:** Admit that You were present at the scene of the collision on September 22, 2023.

**RESPONSE:** ***Admit***

**RFA AP-3:** Admit that You participated in the investigation of the Incident.

**RESPONSE:** ***Defendant objects to this request to admit as it is confusing, ambiguous, and overly broad and ill-defined as to "investigation". Without waiving these objections, Defendant states that he responded to a call for assistance from a fellow officer who reported that he was involved in an accident. He arrived at the site of the collision to render aid, gather information in a timely fashion, and establish a timeline of events leading up to the crash.***

**RFA AP-4:** Admit that You authored one or more reports concerning the Incident.

**RESPONSE:** ***Defendant objects to this request to admit as it is confusing, ambiguous, and overly broad and ill-defined as to "incident". Without waiving these objections, Defendant states that he authored a report as to his interview with Autumn Campbell, but that he was not doing an accident investigation.***

**RFA AP-5:** Admit that You contributed to one or more reports concerning the Incident.

**RESPONSE:** ***Defendant objects to this request to admit as it is confusing, ambiguous, and overly broad and ill-defined as to "incident". Without waiving these objections, Defendant states that he authored a report as to his interview with Autumn Campbell, but denies that he contributed information to other reports, as he has no personal recollection of adding to reports prepared by others. Further answering, Defendant provided his body worn camera footage as to his interview with Ms. Campbell to Ofc. Allan.***

## SOCCIT Involvement

**RFA AP-6:** Admit that the SOCCIT call-out was initiated to investigate the collision involving Defendant Officer Leithauser.

> **RESPONSE:** ***Defendant objects to this request to admit based on the lack of foundation as he lacks personal knowledge as to how SOCCIT became involved in the investigation of the collision described in Plaintiff's Complaint. Defendant is not part of the Troy Traffic Safety Unit (TSU); therefore does not participate in SOCCIT.***

**RFA AP-7:** Admit that SOCCIT members from Auburn Hills PD and Birmingham PD participated in the investigation alongside Troy SOCCIT members.

> **RESPONSE:** ***Defendant objects to this request to admit based on the lack of foundation as he lacks personal knowledge as to how which members of SOCCIT participated in the investigation of the collision described in Plaintiff's Complaint.***

## Interview of Plaintiff's Girlfriend

**RFA AP-8:** Admit that You briefly interviewed Plaintiff's girlfriend at the scene.

> **RESPONSE:** ***Defendant objects to this request to admit as it is vague, ambiguous, overly broad and ill-defined as to "briefly". Without waiving these objections, Defendant states that he had conversation sufficient to gather and identify information as to who was on the ground, make observations, and establish a time of events preceding the accident.***

**RFA AP-9:** Admit that You formed the belief that Plaintiff's girlfriend had been drinking.

> **RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue as written. Answering further, Defendant was told by Plaintiff's girlfriend that she had been drinking, and he was able to detect the smell of alcoholic beverages on her, and emanating from Plaintiff.***

**RFA AP-10:** Admit that You used Your observations of Plaintiff's girlfriend to try to obtain probable cause that Plaintiff was under the influence.

> **RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue as written. Answering further, Defendant was told by Plaintiff's girlfriend that she and Plaintiff had been drinking liquor, and he was able to detect the smell of alcoholic beverages on her, and emanating from Plaintiff. He did not "try to obtain probable cause"; he gathered information.***

**RFA AP-11:** Admit that You used Your observations of Plaintiff's girlfriend only to try to obtain probable cause that Plaintiff was under the influence.

> **RESPONSE:** ***Defendant objects to this request to admit as it is confusing, ambiguous, and overly broad and ill-defined. Without waiving these objections, Defendant denies this request to admit for the reason that it is untrue as written.***

***He did not "try to obtain probable cause"; he gathered information. Answering further, Defendant was told by Plaintiff's girlfriend that she and Plaintiff had been drinking liquor, and he was able to detect the smell of alcoholic beverages on her, and emanating from Plaintiff.***

## Communications & Warrant Process

**RFA AP-12:** Admit that You told Defendant Officer Gail Parra of Your belief that Plaintiff's girlfriend had been drinking.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue as written. Answering further, Defendant was told by Plaintiff's girlfriend that she had been drinking, but he does not recall whether he told Ofc. Gail Parra that Ms. Campbell had been drinking.***

**RFA AP-13:** Admit that You communicated with Defendant Officer Gail Parra about information to include in the search warrant affidavit.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

**RFA AP-14:** Admit that You communicated with Defendant Officer Scott Allan about information to include in the search warrant affidavit. ***No, did not tell anyone what to write.***

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

**RFA AP-15:** Admit that You provided hearsay information to Defendant Officer Scott Allan for use in the search warrant affidavit.

**RESPONSE:** ***Defendant objects to this request to admit as it calls for a legal conclusion. Without waiving this objection to foundation, Defendant denies this request to admit, as he provided Ofc. Allan with first-hand information in the form of BWC footage that included statement by Ms. Campbell admitting that she and Plaintiff have consumed liquor together in the hours before the collision.***

**RFA AP-16:** Admit that You provided secondhand information to Defendant Officer Scott Allan for use in the search warrant affidavit.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

**RFA AP-17:** Admit that the information You provided to Defendant Officer Scott Allan was not based on Your personal observation of Plaintiff.

**RESPONSE:** ***Defendant objects to this request to admit was it is vague, ambiguous, confusing, and capable of being misconstrued. Without waiving these objections, Defendant states that he provided Ofc. Allan with his BWC footage that included his interview with Ms. Campbell.***

## Spousal Relationship

**RFA AP-18:** Admit that You were married to Defendant Officer Gail Parra on September 22,

2023.

**RESPONSE:** ***Defendant objects to this request to admit as it seeks the personal information of a current law enforcement official which is exempt from disclosure. See Rataj v City of Romulus*, 306 Mich App 735, 754 (2014). *Without waiving these objections, Defendant admits.***

**RFA AP-19:** Admit that Defendant Officer Gail Parra is presently Your spouse.

**RESPONSE:** ***Defendant objects to this request to admit as it seeks the personal information of a current law enforcement official which is exempt from disclosure. See Rataj v City of Romulus*, 306 Mich App 735, 754 (2014). *Without waiving these objections, Defendant admits.***

## BWC/ICV Compliance

**RFA AP-20:** Admit that You failed to comply with Troy PD BWC activation policy during some portion of the Incident.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

**RFA AP-21:** Admit that You failed to comply with Troy PD ICV activation policy during some portion of the Incident.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

## Communications About Fault

**RFA AP-22:** Admit that You communicated with other officers (Defendant Officers or Other Officers) about attributing fault to Plaintiff.

**RESPONSE:** ***Defendant denies this request to admit for the reason that it is untrue.***

## Discipline & Internal Review

**RFA AP-23:** Admit that no discipline was imposed on You as a result of the Incident.

**RESPONSE:** ***Admit***

**RFA AP-24:** Admit that You have been the subject of IA/OPS review concerning BWC compliance.

**RESPONSE:** ***Defendant neither admits nor denies this request to admit as he lacks personal knowledge. Without waiving this objection as to foundation as he is a road patrol officer and does not participate in the IA/OPS review process, he does not recall being the subject of a review as he does not recall being interviewed in this context.***

**RFA AP-25:** Admit that You have been the subject of IA/OPS review concerning truthfulness.

**RESPONSE:** ***Defendant neither admits nor denies this request to admit as he lacks personal knowledge. Without waiving this objection as to foundation as he is a road patrol officer and does not participate in the IA/OPS review process, he does not recall being the subject of a review as he does not recall being interviewed in this context.***

**RFA AP-26:** Admit that You have been identified, discussed, or disclosed in *Brady/Giglio* communications with a prosecutor, or have been notified of potential impeachment issues relating to Your credibility.

**RESPONSE:** ***Defendant neither admits nor denies this request to admit as he lacks personal knowledge. Defendant has no information suggesting that he was identified, discussed, or disclosed in Brady/Giglio communications with a prosecutor. Nor was Defendant notified as to any potential impeachment issues relating to his credibility. Answering further, Defendant denies that he had personal contact with the Oakland County Prosecutor's Office regarding the collision described in Plaintiff's Complaint. Answering further, Defendant lacks any personal knowledge regarding communications between any employee of the Oakland County Prosecutor's Office and any third party regarding the incident described in Plaintiff's Complaint, including but not limited to potential impeachment issues related to her credibility.***

**DEFENDANT ALEJANDRO PARRA'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

**RFP NO. 1**: All notes, drafts, memo books, memo pads, and handwritten materials You created concerning the Incident, warrant/affidavit, blood draw, or charging, including:

a) Memo book/memo pad entries for September 22, 2023 and surrounding dates;

b) All entries related to the Incident;

c) Entries showing assignments, calls responded to, and activities on September 22, 2023;

d) Any entries referencing Defendant Officer Evan Leithauser, Other Officers, the collision, or Plaintiff;

e) All handwritten notes, drafts, or personal records created at the scene, during investigation, during warrant application/blood draw, or during preparation of reports or court testimony;

f) Digital notes: MDT messages, smartphone notes apps, or other electronic note-taking.

**RESPONSE:** ***Defendant objects to this request to produce as overly broad, unduly burdensome, not relevant to any party's claims or defenses, not proportional to the needs of the case, and to the extent it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines, and thus not discoverable.***

***Without waiving these objections, Defendant may have notes regarding information that he gathered after he responded to the site of the collision. He is checking and as discovery remains ongoing, he reserves the right to supplement this response.***

**RFP NO. 2**: All texts, emails, messaging-app communications, and social-media DMs (iMessage/WhatsApp/Signal/Teams/Slack, etc.) on any device/account You used for work-related communications about the Incident, from September 22, 2023 through case dismissal on December 5, 2024, even if on a device not issued by the City.

**RESPONSE:** ***Defendant objects to this request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, not proportional to the needs of the case, and for the reason that it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines, and thus not discoverable.***

***Without waiving these objections, none exist.***

***As discovery remains ongoing, Defendant reserves the right to supplement this response.***

**RFP NO. 3**: Any personal photographs or videos You captured at or about the scene or Plaintiff.

**RESPONSE:** ***None exist.***

**RFP NO. 4**: Your BWC/ICV user profile/settings history and any notifications You received regarding activation policy compliance (to the extent in Your possession).

**RESPONSE:** ***Defendant objects to this request for production as it seeks information not within his custody or control, is vague, ambiguous, not properly defined, overly broad, unduly burdensome, not properly narrowed in time or scope, not relevant to any party's claims or defenses, and not proportional to the needs of the case.***

**RFP NO. 5**: Any statements You provided in IA/OPS, collision/pursuit review, or after-action processes (including any *Garrity* advisements or acknowledgments) retained by You, including:

a) Every statement you provided regarding the Incident to anyone (scene commander/supervisor, IA/OPS investigators, Auburn Hills PD investigators, SOCCIT members, prosecutor or prosecutor investigators, union representatives, City risk management, insurance investigators/adjusters);

b) All versions and drafts (draft reports, supplemental reports, addenda or corrections, email drafts or revisions);

c) Any recorded statements (audio/video interviews by IA, audio/video interviews by Auburn Hills PD, statements to prosecutor);

d) *Garrity* warnings: Any *Garrity* advisements or acknowledgments, including whether *Garrity* immunity asserted for any statement and which statements were compelled vs. voluntary.

**RESPONSE:** ***Defendant objects to this Request as vague, ambiguous, not properly***

***defined, overly broad, unduly burdensome, not properly tailored in time or scope, and seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case, and seeks information that is not within this Defendant's custody or control. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the Attorney-Client Privilege, the Attorney-Work Product doctrine and is therefore not discoverable.***

***Without waiving these objections, to the best of his recollection, and to the extent Defendant understands this Request, Defendant was not interviewed and did not provide any statement, written or verbal, to any party at any time related to the allegations contained in Plaintiff's Complaint.***

***As discovery remains ongoing, Defendant reserves the right to supplement this response.***

**RFP NO. 6**: Any communications with a prosecutor or laboratory that You retained concerning Plaintiff's blood draw/testing or charging.

**RESPONSE:** ***Defendant objects to this Request to Produce as vague, ambiguous, not properly defined, overly broad, unduly burdensome, not properly narrowed in time or scope, not relevant to any party's claims or defenses, not proportional to the needs of the case, and for the reason that it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines and is therefore not discoverable.***

***Without waiving these objections, none exist.***

**RFP NO. 7**: Training records, certificates, and MCOLES credits You personally retain (emergency vehicle operation, OWI, search warrants, evidence handling, BWC).

**RESPONSE:** ***Defendant objects to this Request to Produce as overly broad, unduly burdensome, not relevant to any party's claims or defenses, not proportional to the needs of the case, and for the reason that it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines.***

***Without waiving these objections, upon information and belief, all of Defendant's training records and certificates are in the custody and control of the Troy Police Department.***

***As discovery remains ongoing, Defendant reserves the right to supplement this response.***

**RFP NO. 8**: All social media posts, comments, or communications by You from September 1, 2023 through October 22, 2023 on any platform (Facebook, Twitter, Instagram, TikTok, Reddit, police forums, etc.) that mention: The Incident; Plaintiff; Motorcycle riders or motorcycles generally; Traffic crashes or pursuits; Use of emergency lights/sirens.

**RESPONSE:** ***Defendant objects to this Request to Produce as vague, ambiguous, not properly defined, overly broad, unduly burdensome, not relevant to any party's claims or defenses, not proportional to the needs of the case, and for the reason***

***that it seeks information that is protected by the Attorney-Client Privilege and Attorney-Work Product doctrines and is therefore not discoverable.***

***Without waiving these objections, Defendant did not post any related material.***

***As discovery remains ongoing, Defendant reserves the right to supplement this response.***

**DEFENDANT ALEJANDRO PARRA'S ANSWERS TO**
**PLAINTIFF'S FIRST INTERROGATORIES**

**INTERROGATORY NO. 1 (Personal Identifying Information):**

Provide the following information (to be produced pursuant to protective order):

a) Full legal name and all aliases, nicknames, or other names ever used;

b) Date and place of birth;

c) Social security number;

d) Current residential address;

e) All residential addresses for the last ten (10) years;

f) Maiden and married names of spouse(s), dates of marriage/divorce/separation; and

g) Dates of birth, last known addresses, and phone numbers of any former spouses.

**ANSWER:** ***Defendant objects to this Interrogatory to the extent it seeks the personal information of a current law enforcement official, which is exempt from disclosure as it puts his personal safety at risk. See Rataj v City of Romulus*, 306 Mich App 735, 754 (2014). *This request seeks information that is not relevant or material to any party's claims or defenses, and is unduly burdensome. Personal information such as Defendant's date and place of birth, social security number, current residential address, residential addresses for the last ten (10) years, and information regarding any past or current spouses will not be provided.***

***Without waiving the aforementioned objections, my legal name is Alejandro Parra.***

**INTERROGATORY NO. 2 (Training & Certifications):**

This interrogatory seeks Your complete training history, including:

a) State your date of hire with Troy PD and current rank/position;

b) List all POST/MCOLES certifications you hold, including dates obtained;

c) Identify all emergency vehicle operation training you received, including dates, instructors, and certifying entities;

d) Identify all training on emergency lights/siren usage, intersection clearing, and pursuit driving; and

e) State whether you received any remedial or corrective training on emergency vehicle operations prior to September 22, 2023.

**ANSWER:** ***I have been employed as an officer with the Troy Police Department since November 2014 as a police officer. Upon information and belief, my complete training and certification record is within the custody and control of the Troy Police Department, and can be obtained directly from the Troy Police Department. To the best of my recollection, I did not receive any remedial or corrective training on emergency vehicle operations prior to September 22, 2023, but would defer to my training and certification records within the custody and control of the Troy Police Department.***

**INTERROGATORY NO. 3 (Communications with Officers):**

This interrogatory seeks information concerning Your communications with any law enforcement officer, including:

a) Identify every officer (by name, rank, and role) with whom You communicated regarding the collision during the course of the investigation;

b) For each such communication, state: the date and time; the method (in-person, phone, text, email); and the substance of the discussion;

c) Identify any discussions specifically about whether Plaintiff was at fault for the collision;

d) Identify any discussions specifically about pursuing OWI charges against Plaintiff; and

e) Identify all text messages, emails, MDT messages, or other written communications regarding these topics and state whether such communications have been preserved.

**ANSWER:** ***Defendant objects to this interrogatory as it is vague, ambiguous ill-defined and overly broad. Without waiving this objections, Defendant states that he talked to officer on scene, but lacks specific recollection as to who he talked to and the substance of these conversations; however, these discussions would have related to officers' observations and knowledge related to the subject collision.***

**INTERROGATORY NO. 4 (IA/Discipline History):**

This interrogatory seeks Your complete IA history, including:

a) State how many times you have been the subject of an IA investigation or citizen complaint;

b) For each, state the nature of the complaint and the disposition;

c) State whether any involved your operation of an emergency vehicle;

d) State whether any involved failure to activate BWC/ICV;

e) State whether any involved truthfulness, report-writing, or warrant practice; and

f) State whether you have ever been placed on a *Brady/Giglio* or "do-not-call" list, or disclosed to a prosecutor for impeachment purposes.

**ANSWER:** ***Defendant objects to this Interrogatory as vague, ambiguous, ill-defined, overly broad, unduly burdensome, not properly tailored in time or scope, and seeks information that is not relevant to any claim against this Defendant, and therefore is not proportional to the needs of the case. Defendant further objects on the basis that it seeks information that is not within this Defendant's custody or control, and seeks to have this Defendant advance a legal conclusion for which he is not qualified to make. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the Attorney-Client Privilege, the Attorney-Work Product doctrine, and is therefore not discoverable.***

***Without waiving these objections, and to the extent I understand the Interrogatory, I do not have any personal knowledge regarding any "IA investigation" against me. Any citizen complaint made against me would be contained in my personnel and/or disciplinary file, which is within the custody and control of the Troy Police Department. I have not been involved in any other lawsuit in my capacity as a police officer. I have no personal knowledge regarding whether I have ever been placed on a "Brady/Giglio or 'do-not-call' list."***

***As discovery remains ongoing, Defendant reserves the right to supplement this response.***

**INTERROGATORY NO. 5 (Knowledge of Policy Violations):**

This interrogatory seeks information concerning Your knowledge pertaining to applicable policy, including:

a) State whether you believe you violated any Troy PD policy during the Incident;

b) If yes, identify the policy and explain the violation;

c) State whether you reported any policy violation to a supervisor;

d) State whether you were aware that Defendant Officer Evan Leithauser's or any Other Officer's BWC/ICV had not recorded the collision; and

e) State whether you took any steps to preserve other evidence (e.g., third-party video, EDR data).

**ANSWER:** ***Defendant objects to this Interrogatory as it is overly broad, unduly burdensome, not properly tailored in time or scope, and seeks information that is not relevant to any party's claim or defenses, and is not proportional to the needs of the case. Defendant further objects to the extent this Interrogatory seeks to have this Defendant articulate a premature narrative, as discovery remains ongoing, or provide a legal conclusion that this lay witness is not qualified to formulate. This Defendant is a road patrol officer and does not draft, enforce, or control Troy Police***

***Department Policy, thus this Interrogatory is not directed at the appropriate party. Defendant further objects to this Interrogatory on the basis that this Defendant lacks personal knowledge of the circumstances surrounding any other party's BWC/ICV or attempts to preserve evidence, and asks this Defendant to provide speculative testimony regarding the same. Moreover, Defendant objects to the Interrogatory to the extent it seeks information that is protected by the Attorney-Client Privilege, the Attorney-Work Product doctrine and is therefore not discoverable.***

**INTERROGATORY NO. 6 (Knowledge of Legal Standards):**

This interrogatory seeks information concerning Your knowledge of applicable legal standards, including:

a) Identify each training session, academy class, or in-service training where you were taught Fourth Amendment search and seizure standards;

b) State whether you were taught in your academy or subsequent training about material omissions in warrant affidavits;

c) Identify any hypothetical scenarios used in training that are similar to this Incident and what you were taught the correct response should be; and

d) State what training you received on OWI investigations, investigations generally, *Brady* obligations and materiality of exculpatory evidence.

**ANSWER:** ***Defendant objects to this Interrogatory as it calls for a narrative, which is premature as discovery remains ongoing, as well as a legal conclusion that this lay witness is not qualified to formulate. Moreover, it calls for this lay witness to provide speculative testimony, and to offer testimony on behalf of the Troy Police Department and/or the City of Troy, which he is not qualified to do. This Defendant is a road patrol officer, and does not draft, enforce, or control Troy Police Department Policy, thus this Interrogatory is not directed at the appropriate party. Defendant further objects to this Interrogatory on the basis that is not relevant to the claims asserted against this Defendant, and thus not proportional to the needs of the case.***

**INTERROGATORY NO. 7**: If You contend an item responsive to Plaintiff's First Requests for Production is held by the City or a vendor, identify the item, custodian, system, and approximate date so it can be obtained from City custody.

**ANSWER:** ***The City of Troy is the custodian of all records related to the incident described in Plaintiff's Complaint, including but not limited to BWC/ICV, case reports, physical evidence, electronic correspondence, and training and personnel files, unless otherwise expressly noted herein, and produced by Defendant Leithauser in response to these discovery requests. Defendant reiterates his objections raised herein, and further that many of the IA files requested by Plaintiff are protected by the deliberative-process privilege, and are therefore not discoverable.***

I DECLARE THAT THE ABOVE AND FOREGOING ANSWERS ARE TRUE, COMPLETE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

ALEJANDRO PARRA

Subscribed and sworn before me this 30
day of April, 2026

Notary Public
My Commission Expires: June 15, 2029
By: Macomb County
Acting in the county of Oakland

STACY LUBESKI
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MACOMB
My Commission Expires June 15, 2029
Acting in the County of Oakland

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

/s/Amanda P. Waske
Attorneys for Defendants Leithauser, Allan, Parra, Parra and Warzecha
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
awaske@rsjalaw.com
(P81128)

DATED: May 1, 2026

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on 5/1/26 .

BY: ☐ U.S. Mail ☐ Facsimile Transmission
☐ Hand Delivered ☐ Overnight courier
☐ Federal Express ***X Other: Email***

/s/ Julie Doll

- FRIENDS HOUSE
- HOUSE IN TROY
- DAVE KOHLER
- NOT VERMONT After
- THOMAS Called Said ACCIDENT
- Autumn Campbell W/F/42 10/15/80 19331 Woodcrest H Woods

810 447-4722
1PINT went to Bradys Son Dion @ THE WAKE Sign

- Funeral Home 18 Ryan
- DRANK @ Funeral Home
- 6PM